COFFMAN, Respondent, v. HARRISON, Appellant.

1. The practice act of 1849 did not change the rules of practice regulating proceedings upon appeals from justices of the peace.
2. A due bill signed thus : " A., agent for B.," will bind A. if he had no authority to bind B.

*Appeal from St. François Circuit Court.*

This was a suit commenced before a justice of the peace against A. W. Harrison, agent of the Mississippi Mining and Manufacturing Company, upon the following due bill or note :

"Due, Flat River Mines, September 7, 1854, Daniel P. Coffman, twenty-seven dollars and fifty-seven cents. [Signed] A. W. Harrison, agent for Miss. Mining & Man. Co., by A. B. McCreery, clerk." Judgment having been rendered against defendant, an appeal was taken to the Circuit Court. In the Circuit Court, Harrison filed his affidavit denying the execution by himself of the instrument sued on. Evidence was introduced tending to show that Harrison authorized McCreery to execute said instrument; that the Miss. Mining & Man. Co. was a company located in the state of Wisconsin; that defendant Harrison claimed to be the agent of the said company. No authority to act for said company was shown. The cause was tried by the court sitting as a jury. No declaration of the law applicable to the case and no instructions were asked. The court rendered judgment for plaintiff.

*Noell*, for appellant.

*T. C. Johnson* cited Bryant v. Durkee, 9 Mo. 169; Jeffries v. McLean's Exec'r, 12 Mo. 538; Byars v. Doore's Adm'r, 20 Mo. 284; Mott v. Hicks, 1 Cow. 513; Bockway v. Allen, 17 Wend. 40; Bay v. Cook, 2 Zabr. 343; Gillespie v. Wesson, 7 Porter, 455; Hite v. Kendall, 2 Pike, 328; 9 Alabama, 659.

SCOTT, Judge, delivered the opinion of the court.

This was an appeal from a justice's court, and being tried by the court sitting as a jury, and no instructions being asked, any mistake as to the law in finding the verdict can not be inquired into here, as it does not appear what points were made in the court below. It has been repeatedly held, since the present practice act, that trials in the Circuit Court of appeals from a justice of the peace must conform to the practice which prevailed before the enactment of the statute concerning practice now in force, as that act expressly excludes justices' courts from its operations, except in relation to the law of evidence. Whether the defendant had authority to bind the company was a question in the case. If he had authority to bind the company,

and did only bind it, he is not liable. If he had no authority to bind the company, the note was drawn in a form which would bind himself. (Byars v. Doore's Adm'r, 20 Mo. 284.) Such being the law, the note was properly admitted in evidence. This is only point saved in the case. The judgment will be affirmed; Judge Ryland concurring ; Judge Leonard absent.