McCURDY vs. ROGERS.

*Contract by agent in name of principal; when agent is bound—Contract of public officer.*

1. An agent, who promises in the name of his principal, does not in all cases bind himself if he fails to bind the principal.
2. To make the agent personally liable where he does not so intend, and the credit is not given to him, there must be some wrong or omission of duty on his part, such as affirming that he had authority, when he knew or ought to have known that he had not; or a failure to disclose facts within his knowledge.
3. In the case of a public agent, where his authority, or that of his principal, to contract, is derived from a public statute, the party contracted with is presumed to know the limitations of such authority; and the doctrine that an agent, by contracting for his principal, affirms his authority, does not apply.
4. The agent is not in any case liable in an action *ex contractu*, unless the credit has been given to him, or he has expressly agreed to be liable; and if there is a *written* contract, it must contain apt words to charge him.

McCurdy vs. Rogers.

5. There is a strong presumption of law against any credit having been given to a public agent acting within the scope of his authority; and if, in a case where he acted beyond his authority, the defect of the authority was known to the other party, *it seems* that the same presumption lies against the liability.

6. Where defendant, as chairman of a town board of supervisors, obtained a recruit to be credited to the town, upon promise of a certain sum as town bounty, he acted as a public agent, and if the amount promised exceeded that which the town was authorized by law to pay, his personal liability is to be determined by the principles above stated.

7. If otherwise liable, defendant was entitled to show as a defense, that he was not notified within a reasonable time that such recruit had been accepted and credited to the town.

APPEAL from the Circuit Court for *Winnebago* County.

Action for bounty money. The plaintiff sued as assignee of one Lent, and averred that defendant, on the 30th of August, 1864, at the city of Oshkosh, agreed with Lent to pay him $300 if he would be mustered into the military service of the United States and credited to the *town* of Oshkosh; and that Lent duly performed said conditions on the 8th of September following. Answer, in denial.—The plaintiff's evidence tended to sustain his averments. The defendant's evidence tended to show that he made the contract as chairman of the town board of supervisors, and that this was known at the time to Lent; that the only conversation he ever had with Lent was about 20th August, 1864; that Lent did not at that time say whether he would accept the amount proposed by defendant, or any other sum, and never had notified defendant that he had been credited to the *town* of Oshkosh, nor did defendant know of that fact until the subsequent winter or spring; that sometime in September, 1864, the plaintiff (who was treasurer of the *city* of Oshkosh) told him that Lent was credited to the city; that defendant had means in his hands at the time of his conversation with Lent to pay what he had proposed; and that if Lent had credited himself to the *town* of Oshkosh and notified defendant at any time while he was chairman, he could have paid him. The court refused to let

the defendant show, either that before he had any knowledge that Lent had credited himself to the town, to wit, in November, 1864, upon retiring from his office of chairman, he had a settlement with the proper authorities of the town, and did not retain in his hands any money to pay Lent for his credit to said town; or that, before he had any notice of the assignment of said claim to the plaintiff, "Lent informed him that he supposed he had credited himself to the *city* of Oshkosh, but by mistake was credited to the *town*." It instructed the jury that if defendant, as chairman &c., agreed to pay for said town to said Lent $300 for his credit, the contract was not binding upon the town, and the defendant was liable therefor personally. It further instructed them, *inter alia*, that if the defendant offered Lent to pay him a certain sum if he would credit himself to said town, and Lent did not accept the offer, defendant was not liable, even if Lent did subsequently credit himself to the town, unless defendant knew of such crediting and adopted it.

Verdict for plaintiff, for $233; motion for a new trial, on the ground (among others) that the court erred in instructing the jury, denied; and the defendant appealed from a judgment on the verdict.

*Gab. Bouck*, for appellant, to the point that if defendant made the contract alleged, as *agent* for and in behalf of the town, without authority to bind it, the plaintiff could not recover on the contract, but only by a special action on the case, cited 2 Kent's Com., 631–32; Story on Agency, § 264, a; *Fowles v. Shearer*, 7 Mass., 14, 19; *Stinchfield v. Little*, 1 Greenl., 231; *Hopkins v. Mehaffy*, 11 S. & R., 126; *Townsend v. Corning*, 23 Wend., 435; *Long v. Colburn*, 11 Mass., 97; *Harper v. Little*, 2 Greenl., 14; *Stetson v. Patten*, 2 id., 358; *Abbey v. Chase*, 6 Cush., 54; *Ballou v. Talbot*, 16 Mass., 461; *Delius v. Cawthorne*, 2 Dev., 90; *Ogden v. Raymond*, 22 Conn., 383; *Polhill v. Walter* 3 Barn. & Adolph., 114; *Dourunan v.*

*Jones*, 9 Jurist, 454; 12 Eng. L. & E., 433. An agent who acts without authority is personally liable only when his want of authority is unkown to the other party. Story on Agency, § 264; *Jenkins v. Atkins*, 1 Humph., 294, 299. A public officer, in making a contract, is not personally liable because he does not so contract as to give a cause of action elsewhere, unless guilty of fraud or misrepresentation. 2 Kent, 633; Story on Agency, §§ 287–8, 302, 306; *Ogden v. Raymond*, 22 Conn., 379; *Tobey v. Claflin*, 3 Sumner, 379; *Parrott v. Eyre*, 10 Bing., 283; *Hodgson v. Dexter*, 1 Cranch, 345; *Mackbeth v. Haldimand*, 1 Term, 172; *Unwin v. Wolsely*, id., 674; *Gridley v. Lord Palmertson*, 3 Brod. & Bing., 275; *Brown v. Austin*, 1 Mass., 208; *Dawes v. Jackson*, 9 id., 490; *Adams v. Whittlesey*, 3 Conn., 560; *Stinchfield v. Little*, 1 Greenl., 231; *Entoe v. Hall*, 1 Humph., 303. The chairman of a town board of supervisors is a public officer. *Ogden v. Raymond*, 22 Conn., *supra;* *Tutt v. Hobbs*, 17 Mo., 489; *Olney v. Wickes*, 18 Johns., 124; *Adams v. Whittlesey*, 3 Conn., 564; *Perry v. Hyde*, 10 id., 338; *Sterling v. Peet*, 14 id., 248; *Johnson v. Smith*, 21 id., 627.

*Jackson & Halsey,* for respondent:

The chairman of the board of supervisors is not authorized to make any contract in behalf of his town. A quorum of the board only can act. R. S., ch. 15, sec. 65. The contract alleged in the complaint could not have been made even by a quorum; because the law authorizing towns to pay bounties limits them to $200. The defendant was therefore liable personally. Story on Agency, §§ 280, 282, 283, 285–6a, 166–7, 172, 175, 264, 269; 7 Wend., 315; 11 id., 479; 6 Cow., 354; 3 Johns. Cas., 70; 15 Johns., 44; 18 id., 363; 2 id., 48.

DOWNER, J. The first question is: Did the county court err in instructing the jury "that if they found from the evidence that the defendant, as chairman of the board of supervisors of the town of Oshkosh, agreed to pay for said town to

said Lent $300 for his credit, the contract was not binding upon the town, and the defendant was liable therefor personally?" The town was authorized by law to pay only $200 bounty to each volunteer; and if the defendant, as agent of the town, promised to pay more than that sum, the promise was not binding on the town. The principle of the instruction is, therefore, that an agent who does not give a cause of action against his principal, is *of necessity* personally liable. This is generally so. Is it so in all cases? Is it so in this? Was there sufficient testimony to base the instruction upon?

It was held in *Smout v. Ilbery*, 10 Mees. & Wels., 1, that where the wife, acting as agent for her husband, had an original authority, which had been revoked by the death of the husband, unknown to her, she was not liable by reason of making a void contract in his name after his death. The well reasoned opinion of the court in that case leads to the conclusion, that to make any agent personally liable, where he does not intend to be, and the credit was not given to him, there must be *some wrong or omission of right* on his part, such as asserting that he had authority when he knew or ought to have known he had not, or a failure to disclose fully all the facts within his knowledge. To the same effect is *Ogden v. Raymond*, 22 Conn., 384. See also Story on Agency, §§ 265, 287. It is not claimed that the appellant made any false representations to Lent, or practiced any deception upon him, unless it was done by making a promise in the name of the town which he had no authority to make. His assuming to make a contract which he had no authority to make would ordinarily, in the case of private agents, be equivalent to a representation that he had authority to make it. But not so in this case; or if so, its falsity was known at the time to Lent. For the authority which the town had was by virtue of a general statute law, which both parties alike are presumed to know. A representation made by the defendant to Lent, and at the time

known by him to be false, of course could not be relied on by him, and could not be a wrong to the injury of Lent. The complaint is in assumpsit, and the instruction, taken in connection with the complaint, assumes or is to the effect that if the defendant promised as agent for and in the name of the town, and that promise is void as to the town for want of authority in the agent to make it, it became the individual promise of the agent, on which he was liable in this action. We do not see on principle how an agent can be liable on any contract, unless there are apt words to charge him; or how a promise on his part can be implied, unless the credit was given to him. The authorities are somewhat conflicting as to the liability of an agent in actions *ex contractu ;* but the weight of authority we think is, that to charge an agent in such action the credit must have been given to him, or there must be an express contract, and if there is a written contract there must be apt words in it to charge him. See Story on Agency, § 264a, and note ; *Ogden v. Raymond*, 22 Conn., 384, and authorities there cited. If there are not apt words to charge the agent, and the credit is not given to him, then he is liable only in an action *ex delicto*.

It is said that this leads or may lead in this action to the conclusion that no one is liable ; for the town is not. This may be so. But we do not think, if it be so, that it affords us a sufficient ground for holding the defendant liable, unless his acts bring him within the principles we herein lay down. If the defendant had stipulated with Lent that he should not be personally liable, it is clear that, in the absence of fraud on his part, no personal liability would rest on him.

According to the authorities cited by the appellant's counsel, if he was chairman of the board of supervisors, the defendant was a public agent. The law raises a very strong presumption against any credit being given to a public agent, acting within the scope of his authority, and requires a clear inten-

tion on his part to charge himself, to make him personally liable. This presumption of the law is equivalent to an implied agreement that he shall not be liable while acting within his authority. If he acts in a case where he has no authority, and fully discloses to the party with whom he is acting his want of authority, or the want of authority is known to such party, and he does not exact the individual undertaking of the agent, we see not why the same presumption should not then be raised against the liability of the agent, as when he was acting within the scope of his authority. Why should a public agent in such case be presumed to make himself personally liable, and trust to the government for remuneration, rather than a presumption be raised that the party with whom he is dealing was to trust the government? Both know the government is not bound; and if the party contracting with the agent desires him to be personally bound, it appears to us not unreasonable that he should so expressly stipulate.

The instruction was erroneous; because the defendant, if he acted as a public agent, was not *ex necessitate* liable by reason of trascending his authority under the circumstances of this case, either in an action *ex contractu* or *ex delicto*.

We think also the admissions of Lent, made before the assignment of his claim, should have been received in evidence.

After a careful examination of the testimony, we do not find any evidence that Lent ever notified the defendant that he had, in pursuance of the alleged agreement, enlisted and credited himself to the town, or that the defendant, for at least six months after the enlistment, knew of such credit. Such notice should have been given within a reasonable time after the enlistment, or the defendant might have regarded the contract as broken on the part of Lent, and no longer binding on himself. We doubt whether, for the want of such notice, any cause of action whatever was proved against the defendant. But if there was sufficient testimony to go to the jury (which we do

not decide), the defendant should have been permitted to show as a defense that he had been injured by want of notice of the credit to the town within a reasonable time.

*By the Court.*—Judgment of the county court reversed, and a *venire de novo* awarded.