Blakely v. Bennecke.

| 59 | 193 |
| 53a | 8 |
| 59 | 193 |
| 127 | 364 |
| 59 | 193 |
| 73a | 139 |
| 73a | 396 |
| 59 | 193 |
| 80a | 124 |
| 59 | 193 |
| 99a | 607 |
| 99a | 608 |

WILLIAM E. BLAKELY, Respondent, *vs.* LEWIS BENNECKE, Appellant.

1. *Bills and notes—Instrument given by U. S. officer for money received—Company rifles—County bounty.*—Suit was brought by the husband on the following instrument:

"Headquarters U. S. Forces,
Brunswick, Mo., January 3, 1865.

Received of Mrs. Catherine Blakely the sum of $500, to be used to buy Spencer Rifles for Co. I., 49th Regt. Mo. Vols. Said money to be returned as soon as the County bounty is paid to said Company, in full without interest.

LOUIS BENNECKE,
Capt. 49th Regt. Mo. Vols.,
Com'd'g Post."

*Held,* 1st, that the instrument was not ambiguous, and that parol testimony, to explain its meaning, was inadmissible; and that all cotemporaneous verbal agreements were merged in it; 2d, that by his answer, having failed to deny the execution of the note, or payment of the county bounty, the maker's liability was fixed by the pleadings; 3d, that having disclosed an irresponsible principal in the military company referred to, his liability was not that of agent, but was personal.

*Appeal from Sullivan Circuit Court.*

*J. H. Shanklin,* for Appellant.

*Geo. W. Easley,* for Respondent.

13—VOL. LIX.

SHERWOOD, Judge, delivered the opinion of the court.

Action on an instrument in this form :
$500.                      Head Qrs. U. S Forces,
                    Brunswick, Mo., January 3, 1865.
Received of Mrs. Catherine Blakely the sum of five hundred dollars, $500, to be used to buy Spencer Rifles, for Co. I., 49th Regt. Mo. Vols.; said money to be returned as soon as the County bounty is paid to said Company in full without interest.
                    LOUIS BENNECKE,
                    Capt. 49th Regt., Mo. Vols.
                    Com'd'g Post.
The suit was brought by the husband of Mrs. Blakely.

There were four counts in the petition; the first charged that plaintiff's wife, acting as his agent, on the 3rd day of January, 1865, loaned the defendant the sum mentioned, which he, by the instrument referred to, promised to return, etc., without interest, so soon as the county bounty should be paid as therein specified; that such payment was made on the 1st day of March, 1866, but the money borrowed was not returned, and judgment was asked with interest from the period last stated. The second count was for money loaned to defendant, and was like the first as to amount and time of loan, except that no instrument was declared on, nor time of payment designated. The third count was for money had and received ; and otherwise was like the second. The fourth count was for the above mentioned sum ; and charged that the same was obtained of the wife of plaintiff by duress, etc. To this last count a demurrer was sustained.

The defendant then answered to the remaining counts, admitting the execution of the instrument sued on, but denied that it was signed in his individual capacity ; and stated that it was only executed by him as the agent of the company of which he was captain, and alleged that such agency was disclosed as well as the name of his principal, the said company, at and before receiving the money, etc. Neither the agency of Mrs. Blakely nor the payment of the county bounty on

the 1st day of March, 1866, was denied. There was a general denial on the other counts.

A reply was filed, and the parties went to trial, upon the first count in the petition ; and the plaintiff, after reading the instrument sued on in evidence, without objection, and after proving by Mrs. Blakely that she was his wife, and that the money loaned belonged to him, rested.

A great deal of testimony was then introduced by the defendant, tending to show that he borrowed the money as the agent of and for the company, and not in any other capacity. Plaintiff in his turn also produced a large amount of testimony of a contrary tenor and effect. The jury after being abundantly instructed, as well on the part of defendant as of the plaintiff, found for the latter.

The defendant, by admitting the execution of the instrument in suit, and failing to deny that the county bounty had been paid, fixed his liability, and offered no barrier to plaintiff's recovery; as the instrument was not at all ambiguous, was couched in plain terms, and therefore offered no opportunity for the introduction of parol testimony as explanatory of the intent and meaning of the parties, and all contemporaneous verbal agreements were merged in that writing. But even had this not been the case, it is not seen how the privilege of introducing parol testimony for the purpose of varying the terms of the instrument, would have helped the defendant. He was personally chargeable even on his own showing, with the amount borrowed, and six per cent. interest from the first day of March, 1866, unless he had disclosed a responsible principal. (2 Kent. Com., 630.) But in this case there was no principal, either responsible, or otherwise, to disclose. " Company I" was incapable of suing or being sued, pleading or being impleaded, contracting or being contracted with. In short, it possessed none of the elements or attributes of a legal entity. The defendant was clearly liable on the instrument itself when coupled with his admission of the happening of the contingency therein referred to. And it was the duty of the court to have declared the legal effect to be given to the instrument.

The motion in arrest was properly. overruled. Although there were several counts in the petition, yet all but the first were abandoned at the trial, so that the finding, however general, could have reference to but that one.

The case was tried on the wrong theory, as the judgment, however, was for the. right party, it will be affirmed; all the judges concur.