**J. A. FAY & COMPANY, Respondent, v. L. L. RICHMOND, Appellant.**

**St. Louis Court of Appeals, June 9, 1885.**

1. CORPORATIONS—FOREIGN —That the statutes of this state forbid the organization of corporations under names indicating a partnership, is no defence to a note made payable to the plaintiff, a foreign corporation having such a name.

2. PLEADINGS—ACTION ON NOTE—ALLEGATION OF DELIVERY.—A petition on a promissory note need not state, in terms, that it was delivered, if it describes the note and states that by it the defendant promised to pay.

3. PRACTICE—TRIAL—INSTRUCTIONS.— If the pleadings and evidence afford a basis for the instructions given, the judgment will not be reversed on the ground that the cause was not submitted on the theory upon which it was tried.

4. AGENCY—IRRESPONSIBLE PRINCIPAL.—A note signed on behalf of a principal who can not be impleaded in law, renders the signer personally liable.

5. VERDICT—AMENDMENTS.—In an action against L. L. R., on a note signed by him as president of L. L. R. I. & S. Co., a description of the defendant in the verdict as L. L. R. I. & S. Co. is an error of form which the court may correct.

APPEAL from the St. Louis Circuit Court, BARCLAY, J.

*Affirmed.*

H. D. LAUGHLIN and M. F. TAYLOR, for the appellant : Under the law of Missouri, no corporation having such a name as the plaintiff can be organized; and no state has ever yet given extra-territorial force to the laws of her sister state when they were of a character prohibited by the laws of the state in which they were sought to be enforced. Upon this point we refer the court to the following authorities : *Dennick v. Railroad Company*, 103 U. S. 11 ; *Leonard v. Navigation Company*, 84 N. Y. 48 ; *Smith v. Bull*, 17 Wend. 323 ; *Crowell v. Panama R. W. Co.*, 30 Barb. 99 ; *Wahl v. Hoskins,* 5

Ire., N. C. 177; *Madrazo v. Willes*, 3 B. and A. 353; *Mostyn v. Fabrigas*, 1 Cowp. 161; *McDonald v. Mallory*, 77 N. Y. 547; Story on Conflict and Laws, sect. 307. Our contention is that upon the statement of the plaintiff's case and the evidence before the jury that this is no such finding of the real issues involved in the cause as would authorize the court to enter up a judgment against Richmond as member of a partnership called Richmond Iron and Steel Works, and we cite the court in support of that proposition to the following authorities: *Barbour v. White*, 37 Ill. 164; *Wood v. McGuire's Children*, 17 Ga. 361; *Pattison v. United States*, 2 Wheat. 221; *Schweickhardt v. City of St. Louis*, 2 Mo. App. 582; *Soll v. Bacon*, 8 Mo. App. 509; *Hewson v. Tootle*, 72 Mo. 636.

Roeder & Richie, for the respondent: A statute which merely prohibits foreign corporations from doing business in this state without the compliance with certain formalities and imposes a penalty, but which does not expressly declare that contracts made in violation of the statute shall be unlawful, will not avoid contracts made without authority in this state. *Columbus Ins. Co. v. Walsh*, 18 Mo. 229; *Clark v. Middleton*, 19 Mo. 53; *Walter A. Wood & Co. v. Caldwell*, 54 Ind. 270–275; *Northwestern Life Ins. Co. v. Overholt*, 4 Dill. 287.

Thompson, J., delivered the opinion of the court.

This was an action upon a promissory note against L. L. Richmond, Frank B. Johnson and J. Redfern Moore. Richmond alone was served with process and the action proceeded alone against him. The plaintiff had a verdict and judgment, and the defendant appeals to this court.

The petition was in the following language: Plaintiff states that it is a corporation organized under the laws of the state of Ohio; that on the 4th day of April, 1882, the defendants were co-partners doing business under the firm name of the Richmond Iron and Steel Works; that on said day the defendants by their said firm name made their promissory note, herewith filed, by

which they promised, for full value received, to pay plaintiff the sum of $500.00 ninety days after the date thereof, which sum and the interest thereon are yet due plaintiff, for which sum it asks judgment, with costs.

The note referred to in the petition upon which the action was brought was, as follows:

"$500.00.          EAST ST. LOUIS, ILL., April 4, 1882.

"Ninety days after date, for value received, we promise to pay to the order of J. A. Fay & Co. $500.00 at the International Bank, with interest at the rate of 8 per cent. per annum from date.

"RICHMOND IRON AND STEEL WORKS,
"per L. L. RICHMOND, President.
"FRANK B. JOHNSON, Sec. and Treas."

The answer set up six separate defences.

The first defence was, that the plaintiff was a foreign corporation carrying on the business of manufacturing and dealing in wood and iron machinery with the corporate name of J. A. Fay & Co.; that that name is the name of a firm, and there is not joined any word designating the business to be carried on as required by the laws of the state of Missouri; that the plaintiff, as a corporation under said name, carried on its said business of manufacturer and dealer in wood and iron work in the city of St. Louis during the years 1881 and 1882; that the cause of action alleged in the petition and the consideration for the note sued on arose wholly from the plaintiff's business in this state, and the note was made and delivered in this state; that defendant understood that plaintiff was a firm composed of J. A. Fay and one or more partners, and was not a corporation; that as the corporate name of the plaintiff was one forbidden to be used by a corporation in the state of Missouri, the plaintiff could not bring or prosecute the suit in any court in this state, and for that reason had no legal capacity to sue at the time of the commencement of the action.

The second defence was an allegation that as the name used by the plaintiff was one forbidden by the laws of this state, it was against the policy of the state to

permit it to do business, and, therefore, the note was illegal, and void and constituted no cause for action.

The third defence was a general denial.

The fourth defence alleged that the note was obtained from the Richmond Iron and Steel Works by the false representation made with the intent to deceive and defraud; that the Richmond Iron and Steel Works was indebted to the plaintiff in the amount of the note; that this was done by collusion with one Johnson, and that at the time the Richmond Iron and Steel Works was not indebted to plaintiff in any way and received no consideration for the note.

The fifth defence consisted of an allegation that the Richmond Iron and Steel Works made the note in the belief that it was indebted to the plaintiff in the sum of $500, when as a matter of fact it was not indebted to the plaintiff in any sum.

The sixth defence was an allegation that the Richmond Iron and Steel Works was a corporation with a capital stock of $5,000 fully subscribed under the laws of the state of Illinois, and that the officers and members of the corporation, under the law of the state of Illinois, were fully exempted from all personal liability for the debts of the corporation; that the note mentioned in the petition was made by the Richmond Iron and Steel Works as and for its obligation as a corporation and not otherwise, all of which was well known to the plaintiff, and the note was accepted and received as the note and the obligation of said corporation.

The reply admitted that the consideration for the note arose wholly from the business of plaintiff in this state, and that the note was made and delivered in this state as alleged in the answer, and then denied all other allegations of the answer.

Before the introduction of any testimony, defendant objected to the admission of any evidence, on the ground that the allegations of the petition did not make out a cause of action against anybody, and, also, on the ground that there was no allegation in the petition that the note

sued on was ever delivered. The objection was overruled, to which ruling an exception was saved.

The testimony tended to show that before the making of the note sued on, Richmond, Moore, and Johnson had determined to organize a corporation under the laws of Illinois for the purpose of experimenting with certain patents for repairing and re-rolling iron and steel rails, which patents were owned by Moore and Johnson; that the business of the corporation was to be carried on at East St. Louis, Illinois; that certain goods had been purchased by Moore and Johnson of the plaintiff of a character suitable to be used in such experiments; that a portion of those goods was destroyed by fire in East St. Louis; that the portion saved from the fire was turned over to the Richmond Iron and Steel Works, the attempted corporation, and charged to it; and that the note sued on was given in payment of the goods so purchased.

The following instructions offered by the defendant, were refused: .

"1.  Defendant, Richmond, asks the court to instruct the jury that on the evidence the plaintiff is not entitled to recover.

"2.  Unless the note sued on was given for a debt due plaintiff from the Richmond Iron and Steel Works, or, unless the defendant, Richmond, knowingly executed it in payment of the debt of another, the plaintiff can not recover in this suit against him.

"3.  If the p'aintiff accepted the note sued on as a note of a corporation called the Richmond Iron and Steel Works, in payment of a debt due it only for Moore and Johnson, they can not recover in this action against Richmond as an individual.

"4.  The jury is instructed that if the note sued on was made and accepted as the note of the Richmond Iron and Steel Works, the defendant is not liable thereon individually, nor as a member of the partnership of that name."

The court at the instance of the plaintiff gave the following instruction:

"The court instructs the jury, that if they believe from the evidence that plaintiff's account against the firm of Moore & Johnson was due and payable at the time the note sued upon was given to plaintiff, that said note was given in settlement of said account, that an extension of the time of payment of said account for ninety days, or more, was given to the firm of Moore & Johnson, that such note was accepted by Fay & Co., for such account, then and in that event the jurors must find for the plaintiff for the full amount of the note, and it is wholly immaterial whether or not the Richmond Iron and Steel Works received only a portion of said goods so originally sold to Moore & Johnson, if the jury found the facts to be as above set forth in this instruction."

The court, of its own motion, also, gave the following instruction:

"Unless the note sued on was given for a debt due plaintiff from the Richmond Iron and Steel Works, or unless the defendant, Richmond, knowingly executed it in payment of the debt of Moore & Johnson, or its extension, as stated in instruction number one, the plaintiff can not recover in this suit as against him."

The jury returned a verdict in the following language:

"J. A. Fay & Co.
vs.
"L. L. Richmond
"Iron and Steel Works.

"We, the jury, in the above entitled cause, find for the plaintiff in the full amount of the note and interest, in the sum of $575.55.

"E. M. BOSLEY, *Foreman.*"

The court rendered judgment on the verdict against the defendant, L. L. Richmond.

1. Addressing ourselves to the points made by the appellants in their order, the first is that the plaintiff had no such corporate existence in this state as enabled it to carry on business here, or make a contract with a citizen of this state, such as will be enforced by the courts of this state. The ground of this contention is

that the name of the plaintiff is apparently the name of a partnership, and is not such a name as would have enabled the plaintiff to become incorporated in the state of Missouri. If the individuals composing the plaintiff corporation were claiming corporate immunities in this state against a citizen of this state, there would be some merit in this objection; but as they are merely seeking to collect a debt from a citizen of this state for goods sold and delivered to him, which debt is evidenced by a promissory note made by him, and as they are suing in the name in which the note was made, there is neither sense nor justice in the objection. If the case were turned around and the defendant were suing the plaintiff for a debt contracted by the plaintiff with the defendant as a partnership, and if the defendant should show that he gave the credit on the faith of the plaintiff being a partnership, and upon the individual credit of, we will say, J. A. Fay, an apparent partner, there would be some ground for saying that J. A. Fay could not escape liability by setting up an incorporation, under the laws of Ohio, by the name of a partnership, which is not permitted by the laws of Missouri; but in the case in which the objection is now made, it is not worth considering.

2. The next contention is, that the petition does not state a cause of action against the defendant, Richmond. This objection is untenable. The petition is drawn from the form given in the appendix to the Revised Statutes, which, though not enacted by the legislature, has long been in use in this state. The statement that, by his promissory note (describing it) the defendant promised to pay, etc., necessarily includes the idea that the note was delivered.

3. The next objection is, that this case was tried on one theory and submitted to the jury upon another theory. It does not make any difference what theory it was tried on, if there was substantial evidence tending to show the hypothesis of fact upon which the court instructed the jury. The plaintiff's counsel may, at the time of the trial of the cause, have one theory in his mind, the defendant's counsel another, and the judge another.

But in determining whether instructions are properly given and refused, the test is whether the pleadings state a substantial cause of action, and whether there was substantial evidence authorizing the court to submit certain issues of fact to the jury under the pleadings. If there was, the court committed no error in submitting such issues to the jury, unless it misdirected them as to the law applicable to such facts. That there was evidence tending to establish the facts which were submitted to the jury, and that the court correctly applied the law to such facts, is perfectly clear. The first instruction given, merely applies to the facts of the case the well known proposition, that if A agrees to pay the debt of B, in consideration of the creditor extending the time of such payment, this is a good consideration for the contract of A, although A gets no personal benefit from the extension of time. The second instruction is to be read as a qualification of the first; the jury would so read it, and no one would read it otherwise. The two instructions taken together, tell the jury that the plaintiff was entitled to recover : First, if the note was executed for a debt due the plaintiff from the Richmond Iron and Steel Works. Second, if it was knowingly executed for a debt due the plaintiff by Moore & Johnson, which debt was payable at the time of its execution, and if the plaintiff thereby extended the payment ninety days. These propositions are both the law, and there was evidence warranting the instructing of the jury in this way.

Outside of this lies the fact that, although the note was given ostensibly by the firm or corporation called the Richmond Iron and Steel Works, it is admitted by the defendant that at the time when the note was given the organization of the corporation had not been perfected under the laws of Illinois. There are two well known rules of law, either of which makes the defendant personally liable on this note. First, where a note is signed by a person in behalf of an irresponsible principal, that is, a principal which can not be impleaded in law, he is liable personally. *Blakely v. Bennecke*, 59 Mo. 193.

Second, where an inchoate corporation commences business as a corporation before it is entitled to do so under the laws of the state of its creation, its managing officers who sign obligations for it and in its name, make themselves liable personally. *Hurt v. Salisbury*, 55 Mo. 310. Aside from evidence tending to show that the individuals calling themselves the Richmond Iron and Steel Works received at least a part of the goods for which the note was given, the liability of the defendant was clear.

It is, therefore, clear that the court could not properly have given the first instruction asked by the defendants to the effect that the plaintiff was not entitled to recover.. It is, also, quite apparent that the second instruction asked by the defendant was covered by the instructions which were given. The third and fourth instructions asked by the defendant could not have been given, because, for the reasons above stated, the propositions embodied in them were not the law.

4. Finally, it is contended that the verdict which was returned would not support a judgment against this defendant. The cases cited in support of this position are to the effect that where the verdict fails to dispose of all the issues, or fails to dispose of the issues as to all the parties, no judgment can be rendered thereon. But in this case the action proceeded against a single party, L. L. Richmond; and because the jury in the caption of their verdict, described him by the name of the firm of which he was a member, it does not follow that they intended merely to find a verdict against a corporation which is admitted to have had no existence, and which was not sued. The court, if necessary, could have amended the verdict in any matter of form like this (*Acton v. Dooley*, 16 Mo. App. 441), and we can treat the case as though it had been so amended.

The judgment will be affirmed. All the judges concur.