AURORA STATE BANK, Appellant, v. P. H. OLIVER
*et al.*, Respondents.

### St. Louis Court of Appeals, May 7, 1895.

**Corporations:** LIABILITY AS PARTNER.   A business corporation has not the power to enter into a partnership, and, therefore, can not be held liable as a member of a partnership by reason either of its having held itself out as one, or of its having undertaken to enter into the relation.

*Appeal from the Greene Circuit Court.*—HON. JAMES T. NEVILLE, Judge.

AFFIRMED.

*H. H. Bloss* and *Heffernan & Buckley* for appellants.

*Charles Nagel* and *James R. Vaughan* for respondents.

BIGGS, J.—The petition alleges that the defendants were copartners, and were engaged as such in working and operating a mine under the firm name of "Hays City Mining Company." It was also averred that the defendant Oliver was the general manager of the business. The petition contains seven counts. The first declares on a note for $500 in favor of the plaintiff, which was signed by the Hays City Mining Company, per Oliver, superintendent, P. H. Oliver and S. H. Horine. The suit was dismissed as to the

second. The third and fourth are also on notes executed by the Hays City Mining Company in favor of third parties, which notes were assigned to the plaintiff for collection, and the fifth, sixth and seventh counts are based upon open accounts for supplies alleged to have been furnished by third parties to the Hays City Mining Company, which accounts were also assigned to the plaintiff for collection. The defendants Oliver, Horine and Hall, made no defense. The Anheuser-Busch Brewing Association filed an answer, in which it denied that it was engaged in the mining business, or that it was a member of the Hays City Mining Company or in anywise responsible for its debts, and further stated that it is a corporation organized for the purpose of the manufacture and sale of malt and other liquors, and that it was in no way authorized to engage in the mining business, or to become a partner or a member of a partnership doing a mining business. The cause was submitted to the court sitting as a jury, and, at the close of the evidence, the court gave the following instruction: "Under the law and the evidence the plaintiff is not entitled to recover against the Anheuser-Busch Brewing Association." Thereupon the court rendered a judgment against the other defendants. The plaintiff has appealed.

The facts are these. On the twenty-third day of July, 1892, and for some time prior thereto, the defendants Oliver, Horine and Hall, were the lessees of certain zinc mines in Aurora. They worked and operated the mines under the firm name of the Hays City Mining Company. On the day mentioned, Horine transferred and sold to the Anheuser-Busch Brewing Association, hereinafter designated as the Brewing Association, his undivided one fourth interest in the mines, including all personalty and fixtures used in connection therewith. The bill of sale for the property is absolute, but

the evidence of the Brewing Association tended to show that the sale was not absolute but only as security for a debt due to it from Horine. There was no change in the management. Horine continued to act as a partner in the concern. On or about October 17, 1892, the Brewing Association, having been informed that certain dividends from the time had been paid to Horine, addressed the following communication to the manager of the mine:

"DEAR SIR:—We beg to inform you that under date of July 23, 1892, Mr. S. H. Horine, of Springfield, Mo., sold, assigned, transferred, set over and conveyed unto this association all his right, title and interest, of whatever kind or character, in and to the rights, privileges, profits, leases and all other personal property of the lead and zinc mine situated at Aurora, Mo., and known as the Hays City Mine, the same being one fourth interest now owned by him; and we respectfully request you to remit hereafter all proceeds, profits, etc., to us instead of remitting to Mr. Horine. Trusting to your kind attention, we remain," etc.

It is insisted by the appellant that the bill of sale to the Brewing Association, and its letter to Oliver, established *prima facie* a mining partnership between Oliver, Hall and the Brewing Association, and that whether the transfer of the interest of Horine was as security only was a question of fact, and one which could not be disposed of adversely to the appellant by a peremptory instruction. The Brewing Association answers that a contract of partnership can only result from an agreement, and not by implication of law; that a transfer of an interest in an existing partnership does not *ipso facto* constitute the transferee a partner, and that a mere participation in the profits of a concern does not make one a partner. And the further answer is made that the Brewing Association is a corporation

organized for the purpose of manufacturing and selling malt and other liquors, and that it has no authority under its charter to engage in the mining business.

The conclusive answer to the point made by the appellant is that one business corporation can not enter into copartnership with other corporations or individuals. The reason assigned is that the settled legislative policy is to confine the management of the affairs of a business corporation to its legally selected agents and officers, and that this policy would be materially interfered with, and in many cases overthrown, if the corporation should become a member of a copartnership; for in this way it would become involved in new responsibilities through the acts of persons over whom it had no control. 2 Beach on Corporations, sec. 843; Morawetz on Corporations, sec. 421; *Whittenton Mills v. Upton*, 10 Gray, 582; *Mallory v. Hanaur Oil Works*, 86 Tenn. 598. It is, therefore, unnecessary to discuss the sufficiency of the evidence to establish the alleged relationship.

The evidence tended to prove that, at the time the appellant loaned the money mentioned in the first count, Oliver represented that the respondent was a member of the Hays City Mining Company; that he also informed the appellant of the contents of the letter which he had received from the respondent, and that upon the faith of this representation and information it loaned the money and accepted the note in suit; in other words, that the respondent, as to that note, is estopped from denying the alleged partnership relation. If the respondent could not lawfully enter into such a business connection, it could not make itself liable to the creditors of the concern by a mere "holding out." This conclusion is logical and unavoidable. The appellant was bound to take notice of the limitation on the corporate powers of the respondent.

With the concurrence of the other judges, the judgment of the circuit court will be affirmed.   It is so ordered.