THE NEWLAND HOTEL COMPANY, Respondent, v. THE LOWE FURNITURE COMPANY *et al.*, Appellants.

73 135
80 124
73 135
99 609
171s 55

Kansas City Court of Appeals, January 10, 1898.

1. **Corporation:** ULTRA VIRES. A subscription by a business corporation to stock in another corporation is *ultra vires* as a matter of law for the want of power.

2. **———:** EXTENT OF POWER: NOTICE: PRINCIPAL AND AGENT. Persons dealing with corporations·through agents must take notice of the agent's authority and the purposes and powers for which the corporation is created.

3. **———:** ULTRA VIRES: PRINCIPAL AND AGENT. Where an agent discloses the name of his principal and makes no concealment or false representation but acts in good faith, he incurs no liability, though he does not bind the corporation. (*Simmons v. R'y*, 19 Mo. App. 542, *distinguished.*)

*Appeal from the Jasper Circuit Court.*—HON. J. D. PERKINS, Judge.

REVERSED.

*Frank L. Forlow* and *H. W. Curry* for appellant.

(1) If the defect arises from a want of legal capacity, and if the parties act under a mutual mistake of the law, and are both equally well informed in regard to the facts, he would have no legal remedy against the agent; not in *assumpsit*, for it was not his contract. Not in tort, for he is chargeable with no deceit. Taylor on Corporations, note under sec. 754. (2) The plaintiff was bound to take notice of the limitation of the powers of the furniture company. 2 Beach on Corporation, sec. 843; *Mallroy v. Oil Works*, 86 Tenn. 598; *Bank v. Oliver*, 62 Mo. App. 390. This contract was made only with Lowe Furniture Company

and J. R. Lowe is not bound. *Patterson v. Lippencott*, 47 N. J. Law, 457; *Baltzen v. Nicolay*, 53 N. Y. 467; Story on Agency, sec. 278; Taylor on Corporations, sec. 754; *Blakely v. Bennecke*, 59 Mo. 193; *Fay v. Richmond*, 18 Mo. App. 362; *Byars v. Doores*, 20 Mo. 284; *Lapsley v. McKinstry*, 38 Mo. 245; *Humphrey v. Jones*, 71 Mo. 62; *Heath v. Golin*, 71 Mo. 310; *Ferris v. Thaw*, 72 Mo. 446; *Whitney v. Wyman*, 101 U. S. 392; *Ziegler v. Fallon*, 28 Mo. App. 299.

*A. H. Redding* for respondent.

(1)   An agreement to take shares in a corporation to be formed enures to the benefit of the corporation when organized in pursuance of the subscription. *Sappington v. R. R.*, 14 Mo. App. 91; *Ollesheimer v. Mfg. Co.*, 44 Mo. App. 181. (2) It constitutes a contract between the subscribers themselves to become stockholders when the corporation is formed upon the conditions expressed in the agreement, and as such is binding and irrevocable from the date of the subscription.   It is in the nature of a continuing offer to the proposed corporation, which upon acceptance by it becomes as to each subscriber a contract between him and the corporation.   *Machine Co. v. Davis*, 40 Minn. 110; *Hotel Co. v. Irwin Z. Smith*, 13 Mo. App. 7; Beach on Private Corporations, p. 900, sec. 557; *Fair and Exposition Ass'n of Detroit v. Hiram Walker*, 83 Mich. 386; *Cox's* case, 4 De Gex, Jones & Smith, 53; *Pugh v. Sharman*, L. R. 13 Eq. 566.

SMITH, P. J.—The plaintiff and the defendant, the Lowe Furniture Company, are both business corporations organized and existing under the provisions of the statute of this state.   This suit was brought against defendants on the following written undertaking, to wit:

STATEMENT.

"WEBB CITY, MISSOURI, February 11, 1896.

"We, the undersigned, do hereby subscribe the amounts set opposite our respective names for the purpose of forming a stock company, with a capital of $5,000, to furnish and open the Newland Hotel.

"(Signed)    LOWE FURNITURE CO., $1,000."

This was followed by the names of other subscribers with the several amounts by them subscribed. It was admitted that the defendant Lowe was general manager of the Lowe Furniture Company, and that the name of the latter was subscribed to said undertaking by the former. It was also further admitted that all of the subscribers to said undertaking, except the Lowe Furniture Company, subsequently signed the articles of association in the manner required by statute, and were duly granted a certificate of incorporation under the name of the "Newland Hotel Company," and that plaintiff is such company.

There was a trial by the court without the aid of a jury in which there was a finding in favor of the defendant, the Lowe Furniture Company, but against the defendant Lowe, and judgment was given accordingly. The last named defendant appealed.

It is conceded that the subscribing the name of the furniture company to said undertaking, no difference by whom, did not bind it for the reason that such undertaking, as to it, was *ultra vires;* but it is contended that inasmuch as the defendant Lowe attempted to bind the furniture company and failed, he therefore bound himself, and that the case comes within the rule that an agent who acts without authority binds himself and not his principal. This rule is not of universal application. The statute under which the furniture company was organized—Revised Statutes,

*CORPORATION: ultra vires.*

article 8, chapter 42—gave it no power to become a subscriber for stock of another corporation. *Ollesheimer v. Mfg. Co.*, 44 Mo. App. 172; *Bank v. Oliver*, 62 Mo. App. 390. This was something the furniture company could not do. The defendant, Lowe, who was the general manager of the furniture company, could not create the power, nor could his act in any way affect the question of its existence. And this want of power, growing out of the statute, was a matter of law, as open to the knowledge of the other subscribers and to the plaintiff as well as the defendant. The subscription, if valid, of course inured to the benefit of the plaintiff. This assertion is too well settled to require the citation of the authorities to support it. An act is *ultra vires* when not within the scope of the powers of the corporation to perform it under any circumstances or for any purpose. Such an act is void *in toto.*

It is a well settled principle that persons dealing with corporations through their agents are bound at their peril to take notice that the agent is duly empowered in the premises, and are chargeable with knowledge of his authority to bind the corporation, and such persons are, too, chargeable with notice of the purposes of the creation of the corporation and of its powers. Thompson's Com. on Corp., secs. 5973, 5974 and 5975, and authorities there cited; Story on Agency, sec. 265; *Sanford v. McArthur*, 18 B. Mon. 411; *McCurd v. Rogers*, 21 Wis. 197.

——: extent of power: notice: principal and agent.

By reference to section 550 of Mechem on Agency, it will be seen that there is a long line of cases which hold that when a promise is made in the name of the principal and as his contract, the agent can not be held liable on it but only for the deceit or breach of warranty.

——: ultra vires: principal and agent.

And where the agent discloses the name of the principal and makes no concealment or false representations and acts in good faith, he incurs no liability. Mechem on Agency, secs. 554, 555. *Simmons v. R'y*, 19 Mo. App. 542, was where an attachment bond had been given, which on its face purported to be executed by a bank, by its cashier as surety, and signed by the latter with the addition of the word "cashier." It was held that if the bank was organized under our statutes relating to banking corporations, that it had no power to become surety for the accommodation of a third party in a bond given in a judicial proceeding, but that the bond was not void on its face because of the rule of law that one who assumes to enter into an obligation on behalf of an incapable principal binds himself personally. It was further held that if the bank was incorporated under our statute, that the bond was good as the individual bond of the cashier. See, also, *Fay v. Richmond*, 18 Mo. App. 355; *Ollesheimer v. Mfg. Co.*, *ante*; *Blakely v. Bennecke*, 59 Mo. 193; *Hurt v. Salisbury*, 55 Mo. 310.

*Simmons v. R'y*, *supra*, is unlike this case in this, that there to the name of the surety in the obligation was added that of the agent who had signed the surety's name as well as his own thereto, while here, on the face of the subscription, only the name of the furniture company appears. It does not appear thereby that the defendant Lowe signed the former's name thereto as its manager, nor, indeed, in any other capacity, so that in no view of the case can it be held that the subscription on its face shows it to be the subscription of defendant Lowe, and that therefore he is individually liable thereon. *Byars v. Doores*, 20 Mo. loc. cit. 285; *Coffman v. Harrison*, 24 Mo. 524.

As stated by Judge BREWER, in *Abbeles v. Cochran*, 23 Kan. 405, the doctrine is clear that where the con-

tract is made in the name of the principal and without any personal covenant on the part of the agent, and without any wrong on his part, either in act, statement or omission, the latter is not responsible, even though the former be not bound. *Ad referendum, vide:* *Holt v Bank,* 25 Fed. Rep. 812; *Ogden v. Raymond,* 22 Conn. 384; *Aspinwall v. Tonun,* 1 Lans. 381; *Smart v. Ilberry,* 10 M. & W. 1.

This case is not, in our opinion, within the general rule stated at the outset. It follows, therefore, that the learned circuit judge erred in refusing the defendant's instruction in the nature of a demurrer.

The judgment will accordingly be reversed. All concur.