J. M. ANDERSON & COMPANY, Appellants, v. HENRY F. STAPEL, Respondent.

### Kansas City Court of Appeals, April 24, 1899.

1. **Appellate Practice:** MOTION TO STRIKE OUT: CERTAIN. A motion to strike out should set forth the parts sought to be stricken out or so designate them that they can be readily ascertained.

2. **Appellate and Trial Practice:** MOTION TO STRIKE OUT: PLEADING OVER: TRIAL ON THEORY OF PLEADING: MOTION FOR NEW TRIAL. A plaintiff who pleads over after his motion to strike out is overruled and tries the case on instructions following the theory of the pleadings and fails to object to the overruling of his motion to strike out in his motion for new trial, will not be permitted to object to such action of the trial court on appeal.

3. **Bills and Notes:** FRAUD AND FORGERY: CONSIDERATION: DEFENSE. Where the payee of a check or promissory note has procured the same from a principal or his agent by means of forgery and perjury, either the principal or agent, or both, in an action by the payee, can plead such fraud and forgery as showing the want of consideration.

4. ———: PRINCIPAL AND AGENT: AGENT BOUND. When the principal is incapable of issuing a bill or note, his agent on issuing it binds himself personally but circumstances attending the bill in controversy in this case show it to be the bill of the principal and not of the agent.

5. ———: ———: FRAUD: RESCISSION. Where a suit is brought against the agent on a bill which was issued as that of the principal, it is immaterial that the defendant has failed to return the receipts and papers received for the principal at the issuing of the bill, and such failure will not estop the agent from setting up the fraud in procuring the bill.

*Appeal from the Atchison Circuit Court.*—HON. C. A. ANTHONY, Judge.

AFFIRMED.

C. W. BIGGER and J. P. LEWIS for appellants.

(1) The court below erred in refusing to strike out parts of defendant's answer and in overruling objection to evidence of fraud as against the insurance company, and also in not sustaining the motion in arrest, for the reason that this defendant in a personal suit against him can not set up the alleged fraud against an outside third party, the insurance company in this case. Sauter v. Leveridge, 103 Mo. 615-620; Grand River College v. Robertson, 72 Mo. App. 7. (2) That this was the personal check of defendant will perhaps not be questioned, although "Sec." was added to signature. The check was not drawn on the company nor is there anything to show that it was on behalf of the company. It was drawn on Staple's individual bank account; he alone could be sued. Webster v. Switzer, 15 Mo. App. 346; Baker v. Ins. Co., 3 Wend. 94; Story on Notes [6 Ed.], sec. 65; 2 Am. and Eng. Ency. of Law, 334; Toledo Ag. Works v. Heisser, 51 Mo. 128; Rittenhouse v. Ammerman, 64 Mo. 197; Studebaker v. Montgomery, 74 Mo. 101. (3) If this case be treated as though the suit against Henry F. Stapel were the same as a suit against the insurance company, then the court erred in modifying instruction one and refusing to give instructions numbered 5, 6 and 7. Neither the company nor the defendant should have been permitted to retain the fruits of the settlement, under which the check was given, and at the same time repudiate the check. Gould v. Bank, 86 N. Y. 75. A party entitled to rescind a transaction "must in order to do so first restore to the other party whatever may have been received in exchange." Evans v. Gale, 17 N. H. 573; Moriarity v. Stofferan, 89 Ill. 528;

Ins. Co. v. Howard, 111 Ind. 544; Estes v. Reynolds, 75 Mo. 563; Cahn v. Reid, 18 Mo. App. 115; Yeater v. Hines, 24 Mo. App. 619; Alexander v. Railroad, 54 Mo. App. 66-70; Beatie v. Coal Co., 56 Mo. App. 221; State ex rel. v. Stewart, 74 Mo. App. 187; McKeen v. Bank, 74 Mo. App. 281-291; Lewis v. Land Co., 124 Mo. 672; Carson v. Smith, 133 Mo. 606-614; Kirk v. Seeley, 63 Mo. App. 262-266; Hancock v. Blackwell, 139 Mo. 440.

HUNT·& BAILEY and C. A. ANTHONY for respondent.

(1)   The court committed no error in refusing to strike out parts of defendant's answer and in overruling objections to evidence of fraud as against the insurance company, nor in refusing to sustain the motion in arrest. ˙Ziegler v. Fallon, 28 Mo. App. 299, and authorities cited.   The insurance company is not an outside third party in this case.   The check, under all the facts, is the check of the insurance company. Metcalf v. Williams, 104 U. S. 93; Smith v. Alexander, 31 Mo. 193, 194; McClellan v. Reynolds, 49 Mo. 312-314; Baldwin v. Bank, 1 Wallace (U. S.) 234; Klostermann, Adm'r, v. Loos, 58 Mo. 293, 294; Kelly v. Thuey, 102· Mo. 528, 529; Higgins v. Dellinger,· 22 Mo. 397-401; 2 Am. and Eng. Ency. of Law [1 . Ed.], 390.   Where the pleadings admit, as does the plaintiff's reply, that the party signing the instrument was acting as agent, he is bound by the act.   Briggs v. Munchon, 56 Mo. 472, 473.   (2)   This was not the personal check of defendant Stapel.   The whole evidence shows, and plaintiffs' reply admits, that he was acting as agent for the insurance company.   Dormeyer knew in what capacity respondent was acting.   Metcalf v. Williams, ˙104 U. S. 93; 1 Daniels on Bills and Notes [2 Ed.], p. 250, sec. 417; 1 Daniels on Bills and Notes [2 Ed.], p. 341, sec. 417; McClellan v. Reynolds, 49 Mo. 314; 1 Morse on Banking [3 Ed.], sec. 159; Babcock v. Beamann, 11 N. Y. 200; Story on Promissory Notes [6 Ed.], sec. 69; Ferris v. Thaw, 5 Mo.

Anderson & Co. v. Stapel.

App. 279; Ritter v. Ins. Co., 18 Sup. Ct. Rep. 300; 70. Fed. Rep. 594; Hitchcock v. Buchanan, 15 Otto (U. S.) 416; Carpenter v. Farnsworth, 106 Mass. 516; s. c., 8 Am. Rep. 360; Sayre v. Nichols, 7 Cal. 535; s. c., 68 Am. Dec. 280; Klostermann v. Loos, 58 Mo. 294. (3) If the check was obtained by fraud, neither the insurance company nor the defendant was liable, and plaintiffs conclusively admit this by their second instruction, given at their request. 2 Morse on Banking [3 Ed.], sec. 442; 1 Daniels on Bills and Notes [2 Ed.], secs. 782, 784, and p. 627, sec. 770; Bank v. Pipkin, 66 Mo. App. 592; Jennings v. Todd, 118 Mo. 296; Whaley v. Neill, 44 Mo. App. 316; 2 Pomeroy's Equity [2 Ed.], sec. 872. (4) Plaintiff's fifth, sixth and seventh instructions were properly refused. (5) There is no element of estoppel in the case. Here is a check that is no property; a check, a chose in action, procured by fraud, assigned to one who is cognizant of the fraud. Can the actor, or those with knowledge, who seek to reap the fruits of the fraud, sue on the check and recover? 1 Burrill's Law Dictionary [2 Ed.], p. 288; 2 Kent's Com. [12 Ed.], foot page 456, sec. 351 (4); 1 Bouvier's Law Dictionary [14 Ed.], pp. 265, 261. On the point of estoppel see: Schenck v. Stumpf, 6 Mo. App. 381; St. Joseph v. Dillon, 61 Mo. App. 317; Taylor v. Zepp, 14 Mo. 482; Terrill v. Boulware, 24 Mo. 254; Burke v. Adams, 80 Mo. 504; Newman v. Hook, 37 Mo. 207; Bales v. Perry, 51 Mo. 449; Douglass v. Cissna, 17 Mo. App. 44; Blodgett v. Perry, 97 Mo. 263. This case would estop Dormeyer. They have the shoe on the wrong foot.

SMITH, P. J.—On the first day of April, 1896, the "Missouri Town Mutual Fire, Lightning, Tornado, Cyclone and Windstorm Insurance Company, of Rock Port," in this state, issued a fire insurance policy to one W. H. STATEMENT. Dormeyer, for $2,500 on his stock of goods. On May 28, following, the said stock of goods was partly destroyed by fire.

The insurance company on receiving notice of the fire authorized the defendant, who was the secretary, to visit the place where the fire occurred and to investigate the matter and ascertain whether it was liable for the loss, if any there was, and to settle the same. Accordingly, the defendant in his capacity of agent for the insurance company did visit the place of the fire and investigate the same. Dormeyer produced and delivered to him a letter purporting to have been written on the letter head of the "George Sahm Shoe Company, of St. Louis," and signed by said company, wherein it was stated that that company had sold goods to the said Dormeyer since the twenty-fifth of March, 1896, amounting to $3,187.90, and that owing to a press of business it could not then furnish duplicate invoices thereof. It is conceded that this letter was forgery.

Dormeyer claimed that his books, invoices, etc., were destroyed by the fire, and this circumstance was given by him as an excuse for offering the letter as tending to show the amount of goods on hand at the time of the fire. Goods of the agreed value of some $600 were taken out of the store and saved from the loss. Under the adjustment these were retained by Dormeyer.

It appears from the proofs of loss that in the adjustment the forged letter was taken as the invoice of the purchases made by Dormeyer. This was accepted and acted upon by the defendant in his capacity of adjustor for the insurance company, in ignorance of the fact that it was a forgery. After deducting from this amount certain items, including value of goods saved, the loss was agreed to be $1,000. The defendant thereupon drew a check signed by him as "agent" for that amount in favor of Dormeyer, on the Citizens Bank of Atchison County, and the latter turned over to the defendant as such secretary and adjuster of the insurance company the policy, proofs of loss, etc. Later on, and before the departure of the defendant, Dormeyer requested that the said letter

of George Sahm Shoe Company be returned to him, but this was declined because it was considered to be part of the proof of loss.

When the defendant, returning, arrived at St. Louis, the thought occurred to him that he would call on the George Sahm Shoe Company and verify the statement made in their letter to Dormeyer by an inspection of their books of account. These books disclosed that Dormeyer's total purchases amounted to less than $900. The letter was exhibited by defendant to said shoe company, and by it pronounced a forgery. As soon as this discovery was made, the defendant notified the bank not to pay the check, which was subsequently presented, protested for non-payment and returned to Dormeyer who transferred it to the plaintiffs, who, it is conceded, acquired it under such conditions as that they have no other or greater rights in respect thereto than Dormeyer, the payee, had.

The plaintiffs sued the defendant on the check.

The defenses interposed by the answer were that the check was given by the defendant solely as the agent and secretary of the insurance company and was obtained by said Dormeyer through means of his false and fraudulent representations, tricks, devices and forgery, and was without consideration, etc., and that plaintiffs acquired the same long after the protest and dishonor thereof with full knowledge of the fraud and forgery of Dormeyer, etc. It sets forth in minute detail the various fraudulent acts of Dormeyer, to which we have hereinbefore alluded.

The replication in effect admitted the fraud alleged in the answer and pleaded that the defendant in his capacity of secretary and agent of the insurance company adjusted the alleged loss and gave the check sued on. And that the defendant with full knowledge of the alleged fraud of Dormeyer, by way of compromise, gave the said Dormeyer the said check for the amount therein specified and took a receipt to the said insurance company from said Dormeyer in full sat-

Anderson & Co. v. Stapel.

isfaction of said policy and that defendant and said insurance company has ever since retained said receipt and policy without offering to return the same, and that therefore the defendant is estopped from interposing the defense of fraud, forgery or want of consideration.

The plaintiffs complain of the action of the court in overruling their motion to strike out parts of the defendant's answer. The parts of the answer against which the motion was directed is not therein set forth. It is true the motion states that such parts of the answer are to be found between certain words on page one of the answer and certain others on page five thereof, but as we have not access to the original answer filed in the cause we are wholly unable to determine just what part of said answer the motion was intended to reach. It is a well established rule of practice that where a motion is made to strike out parts of a pleading it should set forth the parts sought to be stricken out, or those parts should be so designated that they can be readily ascertained. Pearce v. McIntyre, 29 Mo. 423; Jackson v. Bowles, 67 Mo. 609; Missouri, etc. Co. v. Copeland, etc. Co., 88 Mo. 57. Counsel for plaintiffs have indicated by brackets made with ink on the face of the answer copied into the abstract the parts of such answer to which their motion relates, but this will not do. The defect of their motion can not be here cured in that way.

*APPELLATE practice: motion to strike out: certain.*

But this is not all. It appears by an examination of the motion for a new trial that the action of the court in overruling the motion was not made a ground thereof. Williams v. Railway, 112 Mo. 463. Moreover, the plaintiffs by pleading over, waived their right to review the action of the court on this point. Ely v. Porter, 58 Mo. 158; Scovill v. Glasner, 79 Mo. 449. It furthermore appears from the plaintiffs' instructions that they

*APPELLATE and trial practice: motion to strike out: pleading over: trial on theory of pleading: motion for new trial.*

requested the submission of the case to the jury upon the theory that they were entitled to a verdict for the amount of the check unless it was found that said check was fraudulently procured from defendant by Dormeyer by the use of a forged and fraudulent letter, and that defendant relied upon such letter and would have not made the settlement but for such letter, and also, upon the further theory of the estoppel pleaded in their replication. The plaintiffs instead of standing on their motion elected to plead over and proceed to trial on the issues thus made by the pleadings. They can not be permitted, after a trial of such issues has resulted adversely to them, to go back and revive the objection to the answer which they had raised by their abandoned motion. They can not be allowed in that way to speculate on the results of the trial. The plaintiffs must be held to have waived such grounds of objection. Scovill v. Glasner, *ante;* Fuggle v. Hobbs, 42 Mo. 541; Coffman v. Walton, 50 Mo. App. 404. For these reasons plaintiffs are in no situation to now call in question the action of the lower court in overruling their motion to strike out parts of the defendant's answer.

We may, however, say, in passing along, that an examination of the answer has convinced us the defense of fraud therein pleaded was open and available to the defendant. 2 Pomeroy's Eq. [2 Ed.], sec. 872. It is elemental that a contractual obligation which has no consideration to support it is not binding. Unless there was some consideration moving from Dormeyer to the defendant or the insurance company for the giving of the check it could not be enforced. *Ex nudo pacto non oritur actio.* No action can be maintained on a written instrument in favor of the payee where its execution and delivery was procured by the forgery and perjury of such payee. *Debile fundamentum, fallit opus.* Justice does not allow one to profit by his own iniquity. There was therefore no legal consideration for the promise implied by the check, whether it

*Margin note: BILLS and notes: fraud and forgery: consideration: defense.*

be regarded as that of the defendant or the insurance company. No case has been cited, nor found by us, holding that when a check or promissory note has been procured by the payee therein, either from a principal or his agent, through and by means of forgery and perjury, similar to that which we have stated, neither the principal nor agent nor both in an action thereon by the payee can not as a defense plead such fraud and forgery as showing a want of a supporting consideration.

And we may add that the evidence very satisfactorily shows that the defendant in adjusting the supposed loss under the policy acted for the insurance company, but if it did not the pleadings admit as much. We think it is abundantly shown that the defendant in giving the check acted ——: principal and for the insurance company and that the check agent: agent so given was its check. The very letter from bound. Dormeyer to plaintiffs under which they claim title to the check states that he (Dormeyer) received such check of the insurance company. The plaintiffs were therein directed to sue the insurance company thereon if it did not settle with them. It can not be doubted that such was the understanding all around. It is not pretended that up to the point when the defendant gave the check he was acting in any other capacity than that of agent for the insurance company. And no sufficient reason is shown why he was not so acting when he drew the check and delivered it to Dormeyer. He did not indicate by the manner in which he signed it that he intended thereby to give his personal check, for if he had so intended he would not have added "sec" to his name. In the light of all the circumstances surrounding the transaction of giving the check it seems perfectly clear to us that by appending the word "sec." to his name the defendant intended to designate the capacity in which he acted and that the payee in the check must have so understood it at the time. If the insurance company, the defendant's principal, had been incapable of

giving the check, then the defendant would have thereby bound himself personally, for the law is that one who assumes to enter into an obligation on behalf of an incapable principal binds himself personally. ` Hotel Co. v. Furniture Co., 73 Mo. App. 135; Fay v. Richmond, 18 Mo. App. 355; Blakely v. Bennecke, 59 Mo. 193.  But there can be no such contention here.

The plaintiffs complain of the action of the court in refusing to give their fifth, sixth and seventh instructions.  The court gave the plaintiffs' third instruction which —:——:fraud: told the jury that even if the check was pro-
rescission. cured from defendant on the adjustment of the loss and that such amount was allowed on account of a forged letter, yet if the defendant at the time of the adjustment and giving of the check had such knowledge as led him to believe such letter was forged he was estopped to set up such forgery and fraud as a defense.  There was no evidence adduced to justify the giving of this instruction and the plaintiffs were not entitled to it, but it being in their favor they can not make the action of the court in the giving of it a ground of complaint. The said fifth, sixth and seventh instructions requested the submission of the case on the like theory of estoppel.  They however were wider in their hypothesis than the plaintiffs' third just referred to.   They went to the extent of telling the jury that if the defendant, after the discovery of the fraud and forgery, notified the bank not to pay the check and continued to retain the policy and proofs of loss, he was estopped to set up such fraud and forgery as a defense.  As has already been intimated the evidence does not tend to prove that the defendant for himself took and retained said policy and proofs of loss, but, on the contrary, it tends to prove that he took and retained the same in his capacity as agent for the insurance company.  No act of the defendant in relation to the adjustment or the repudiation thereof by defendant was done by him except as agent for the insurance company,

so that it would have been error for the court to have given the plaintiffs' refused instructions. The question as to the effect of the retention of the policy and proofs of loss does not arise in the case since the defendant did not in that matter act in his individual capacity but in that of agent for the insurance company.

The judgment is manifestly for the right party and must be affirmed. All concur.