PEARCE, Respondent, v. McINTYRE, Appellant.

29  423
147  13
80a 121

1. Motions to strike out parts of pleadings should contain the parts sought to be stricken out, or those parts should be so designated that they can be readily ascertained.
2. It is not essential to an arbitration that it should adjust all matters in difference between the parties; an award determining a single one of several matters in difference may be final and conclusive so far as it goes.

## Appeal from Holt Circuit Court.

This was an action to recover the value of carpentry work alleged to have been done by plaintiff for defendant. The plaintiff set forth in his petition a submission by plaintiff and defendant of the value of the said work to arbitration and an award made under said submission by which, as was alleged, it was adjudged and awarded that the sum of $801.79 was " due to plaintiff by said defendant for work and labor done at the special instance and request of said defendant." Plaintiff also claimed in his petition the value of painting and glazing that had not been included in the award. The defendant in his answer denied that the award was as alleged in the petition; denied any indebtedness for painting and glazing, and set up matters by way of counter-claim and offset. A portion of the answer was stricken out on motion of the plaintiff.

At the trial the submission was read in evidence. It submitted to the arbitrators to determine the " worth" of the carpentry work " according to the prices of the country." Plaintiff offered in evidence the award, and it was admitted against the objections of defendant. This award, after affixing values to the various items of work, closed as follows: " Making the sum of $804.75, which we find for Nathan Pearce and against George McIntyre." Evidence was also adduced tending to prove the charge for painting and glazing. The defendant introduced testimony tending to prove the offset or counter-claim set up in the answer. The court gave the following instruction at the instance of the plaintiff:

" The award read in evidence is sufficient to prove the work done for defendant by plaintiff and the value thereof, with interest, unless they believe from the evidence that some part thereof has been paid, or unless defendant has established his counter-claim or some part thereof; and if so, they will deduct the amount so paid and the counter-claim so proved, and give a verdict for the balance, if there should be such balance." The court refused the following instruction asked by defendant: " The jury will exclude from their consideration the paper read in evidence purporting to be an award, and signed by Thomas D. Walter and Franklin Hart as arbitrators." Instructions asked by defendant with respect to his counter-claim and offset were given.

*Crow & Loan*, for appellant.

I. The court erred in admitting the award. There was a variance between it and the petition. There was no authority given to the arbitrators to find any indebtedness either way. It does not possess the requisites of an award in that it does not purport to determine finally any matters in difference between the parties. (1 Bac. Abr. 225, 222; 15 Mo. 540; 10 Mo. 308.) It is not based upon any submission and was made without authority. The instruction asked should have been given. The motion to strike out should have been overruled. The instructions given should have been refused. One case is stated in the petition and a different one is assumed in the instruction. (18 Mo. 403.)

*Woodson*, for respondent.

I. The petition is good. The award is sufficient evidence of the value of the work done. The law of the case was fairly put to the jury. The counter-claim of defendant was considered and allowed. The defendant was not aggrieved. (7 Mo. 497; 15 Mo. 400; 15 Mo. 143; 1 Mo. 163, 313; 588, 746; 3 Mo. 472; 8 Mo. 702, 224; 9 Mo. 303; 10 62.) The parts of the answer were properly stricken out. The defendant therein attempted to put in issue the very matters settled by the award. The award was final.

SCOTT, Judge, delivered the opinion of the court.

It must be obvious that the action of the inferior courts on motions to strike out parts of the pleadings in a cause can not be reviewed in this court, unless such motions designate the portions to be stricken out in some other mode than by reference to the pages and lines of the original record, as these never correspond with the pages and lines of the transcript filed here, so that it is impossible to ascertain the parts of the pleadings to which the motion refers. Motions to strike out parts of the pleadings should contain the parts sought to be stricken out, or they should be designated in a manner that this court can readily ascertain them. The record not showing what parts of the answer were stricken out, we can not review the action of the court below on that subject.

We can see no error in the court in permitting the award to be read in evidence. There was no variance between the award and the petition. The arbitrators were authorized to fix the prices of the work done by the plaintiff for the defendant. This was done, and their adding that the sum found was for the plaintiff against the defendant was mere surplusage, and did not affect any right of the defendant. No one can understand that the award prevents any defence on his part consistent with the fact that the work was worth the sum at which it was appraised. The defendant was not precluded by the award from proving any set-off or counterclaim he might have had against the plaintiff. Indeed he was allowed, and did do this. The award did not pretend to go farther than the arbitrators were authorized. It was perfectly consistent with the idea that there was nothing due to the plaintiff from the defendant. It is competent to parties to make a single matter the subject of an arbitration. It is not essential to constitute an arbitration that it should adjust all matters in difference between the parties. A single matter is frequently a subject of reference, in order that the

award may enable the parties themselves to adjust all their dealings.

For reasons given, there was no error in refusing the defendant's first instruction. The third instruction asked by the defendant was properly refused because the plaintiff's replication showed that there was no foundation for it.·

The other judges concurring, the judgment is affirmed.