———o———

J. G. MARTIN, AMANDA WILLIAMS, EDWARD GLOVER, *et al.*, Defendants in Error, *vs.* GEORGE W. JONES, ROBERT AUSTIN, AND PATRICK McCARTY, Plaintiffs in Error.

1. *Injunction of sale under deed of trust—Former conveyance of land as a gift, effect of—Testimony as to conveyance, what competent under witness act.—* Where injunction is brought to prevent sale of land under deed of trust, on the ground that the maker had already conveyed away a portion of the tract; *held,* 1st. That plaintiff need not show that a valuable consideration was paid for the land, provided the deed was not made in fraud of the rights of others.

2nd. That the grantee in the conveyance last mentioned being dead, and the conveyance, or knowledge thereof, being denied by the answer, under the statute (Wagn. Stat., 1372-3, § 1,) testimony of the grantor going to invalidate the deed would be inadmissible, but his testimony proving an admission, at the date of the deed of trust, by the grantee therein that the latter had notice of said conveyance would be competent. It was not intended by the statute to exclude one party, the other being dead, where the evidence related to transactions had with third persons, to which the deceased was no party, and of which he had no knowledge; or where the evidence referred to transactions which had taken place since the decease.

*Error to Carroll Circuit Court.*

*Hale & Eads*, for Appellants.

*L. H. Waters*, for Respondents.

VORIES, Judge, delivered the opinion of the court.

This action was originally brought by one Parmenius Williams against the defendants, to restrain and enjoin the defendants Austin and Jones from proceeding with the sale of certain lands under a deed of trust named in the petition.

During the pendency of the suit and after issues were joined in the case, the said Parmenius Williams departed this life, and the present plaintiffs, who are the heirs and representatives of said Williams, were made plaintiffs in his stead.

The petition states that the defendant Patrick McCarty, in the month of July, 1868, was the owner of the north west quarter of the south east quarter of section thirty-three, in township fifty-two, of range twenty-four in Carroll county, Missouri; that said McCarty, at said time by his deed of that date, conveyed to plaintiff the north half of said tract of land in fee simple; and that plaintiff took immediate possession of said north half of said land as aforesaid, and made permanent improvements thereon, and that plaintiff is still the legal owner of said north half of said tract of land; but that the deed conveying said land from McCarty to plaintiff although delivered, had never been acknowledged or recorded; that after the making of said deed by McCarty to plaintiff, and after plaintiff was in possession of the north half of said tract of land, in pursuance of said deed or conveyance on the 25th day of May, 1869, said McCarty executed and delivered to the defendant, George W. Jones, a deed commonly called a deed of trust, by which he conveyed to said Jones the whole of the first described tract of land including the north half thereof previously conveyed to plaintiff; that said conveyance was made to Jones in trust to secure a debt, due from McCarty to defendant Austin, and was conditioned that if default was made in the payment of said debt, Jones should have power to advertise and sell said lands as directed in said deed of trust; that default had been made and said Jones was then, at the request of said Austin, proceeding to advertise and sell the whole of said forty acre tract of land and would sell and convey the same unless restrained therefrom; that at and before the execution of said deed of trust to said Jones for the benefit of said Austin, both Austin and Jones had full notice that the north half of said forty acre tract of land had been conveyed to plaintiff and that he was in the possession of the same. It is therefore prayed by the petitioner, that the deed

of trust be canceled and made void as to the said north half of said tract of land and that defendant Jones be restrained and perpetually enjoined from proceeding to sell said part of said tract of land by virtue of said deed of trust, etc.

A temporary injunction was ordered on this petition and the defendant Jones notified to appear in the Circuit Court, etc.

The defendants afterward appeared in the Carroll Circuit Court and filed a joint answer to said petition and moved to dissolve the temporary injunction.

The answer of the defendants denies that defendant Mc-Carty, on the — day of July, 1868, was the owner of the land named in the petition, or that he on said day conveyed the north half of said tract of land to the plaintiff, or that plaintiff took possession or improved the same, or that he is now the owner of any part thereof. It is admitted that at the time named in the petition, the defendant, McCarty, being then the owner of said forty acres of land, conveyed the whole thereof to defendant Jones by deed of trust, as it is charged in the petition; but it is denied that either said Jones or said Austin had any notice or knowledge that plaintiff had any claim to the premises. It is admitted that Jones is empowered under the deed of trust to sell the whole of said forty acres of land, and that he and Austin were proceeding to sell said land under said trust deed, and had advertised and would sell and convey the same under said deed of trust as well the north half of the same as all other parts thereof if not restrained therefrom.

The case was tried upon the issues thus made in the Circuit Court of Carroll county on the 31st of July, 1872.

It appears from the bill of exceptions in the record that on the trial it was admitted by the parties to the suit, that at the sale of the swamp lands of Carroll county in July, 1868, Patrick McCarty (one of defendants) became the purchaser of the forty acres of land described in the petition; and afterwards received a deed from the county for the same. This deed as set out in the record is in the usual form, reciting that Mc-

Carty had made full payment for the land, and is dated the 7th day of September, 1869.

The bill of exceptions further shows that the plaintiff then introduced in evidence, without objection, a deed, signed by said McCarty to Parmenius Williams, for the north half of said 40 acres of land, dated July, 1868, which was proved to have been executed by McCarty subsequent to the purchase by him from the county of Carroll. This last named deed is not set out in the bill of exceptions, the clerk noting in the record that it had not been furnished by the parties so that he could copy it in the bill of exceptions. No point is made or objection taken to the omission to copy this deed in the bill of exceptions.

The plaintiff then proved by witnesses that said Parmenius Williams (the original plaintiff) entered into possession of the 20 acres of land conveyed to him and cultivated and improved the same up to the time of his death; since which time the present plaintiffs have occupied the same. It was also proved by plaintiffs that the defendant Austin, the beneficiary in the deed of trust, had notice of the deed executed by McCarty to Williams, before the deed was made for his benefit to the trustee George W. Jones. The foregoing was all the evidence on the part of the plaintiffs.

The defendants then offered the testimony of the defendant Patrick McCarty. The court refused to permit him to testify in the cause; to which ruling of the court the defendants excepted.

The defendants then introduced defendant R. A. Austin as a witness in the case; but the court refused to permit him to testify in the case; to which the defendants again excepted.

This was all the evidence given or offered in the case.

The court found for the plaintiffs and rendered a decree making the injunction before rendered perpetual, and cancelling and making void the deed of trust executed by defendant Jones so far as the north half of the forty acres of land which was conveyed to Williams is concerned, etc.

Afterwards in due time the defendants filed their motion to set aside the decree rendered by the court and to grant a rehearing of the cause, because, 1st. The decree was against the law and evidence. 2nd. The decree was against the evidence. 3rd. The court improperly excluded the witnesses for the defendants. 4th. There was no proof that the plaintiffs were the heirs or legal representatives of P. Williams.

This motion was overruled by the court and the defendants again excepted, and have brought the case to this court by writ of error.

The defendants have raised several objections in this court to the action of the court trying the case, as grounds upon which they insist that the judgment rendered by the Circuit Court should be reversed.

It is first insisted that neither the petition nor the evidence avers or shows that the said Parmenius Williams paid McCarty any valuable consideration for the land in controversy, or that his purchase was in good faith or for value; and that therefore a Court of Equity will not interfere in his favor.

This objection is certainly untenable. If the land was conveyed by McCarty to Williams before the deed of trust was executed in favor of Austin, and Williams was at the time the legal owner of the land, it would make no difference to Austin, provided he knew of the title of Williams, whether Williams had paid a valuable consideration for the land or whether the land had been given to him; *Provided*, the transaction did not operate as a fraud upon others and could not be set aside on that account, which is not pretended by the defendants in this case.

It is next objected by the defendants that the court of its own motion, without any objection having been made by the plaintiffs, excluded defendant McCarty and defendant Austin as witnesses in the cause and peremptorily refused to permit either of said witnesses or parties to testify in the cause.

It is not stated in the bill of exceptions upon what ground these witnesses were rejected; but we readily conclude that they were rejected on the ground that Williams who was the

purchaser of the land from McCarty and who was the original plaintiff in this suit was dead, wherefore it was thought that the other parties to the suit were rendered incompetent to testify by our statute concerning witnesses.

The first section of the statute provides as follows: "No person shall be disqualified as a witness in any civil suit or proceeding at law or in equity by reason of his interest in the event of the same as a party or otherwise, but such interest may be shown for the purpose of effecting his credit: *Provided*, that in actions where one of the original parties to the contract or cause of action in issue and on trial is dead, or is shown to the court to be insane, the other party shall not be permitted to testify in his own favor."

The question in this case is, what is the contract or cause of action in issue and on trial? It was charged in plaintiff's petition that defendant McCarty had in July, 1868, conveyed to Williams the north half of the tract of land named in the petition. This fact was denied by the answer, so that the existence of said deed of conveyance was one of the issues in the case. Then again it was charged in the petition, that defendants Austin and Jones knew at the time of the execution of the deed of trust to Jones for the benefit of Austin, that Williams had the deed to the north half of the land and was the owner thereof. This allegation of notice to, or knowledge on the part of, said defendants was also denied by the answer, and formed another matter in issue in the cause, and in fact these two issues were the material and almost only real issues in the case on trial. Whether either of the matters in issue as above set forth, could be called the contract or cause of action in issue and on trial, within the meaning of the statute, is difficult to determine; but if the object in introducing the defendant McCarty as a witness was to elicit evidence from him, the tendency of which would be to affect or invalidate the deed from him to Williams, he would most certainly be incompetent for that purpose, as the other party to that contract was dead. But on the contrary, if the object was to contradict, by the evidence of McCarty, some testimony introduc-

Martin, et al. v. Jones, et al.

ed by plaintiff to prove that Austin, at the time of taking the deed of trust, had notice of the plaintiff's deed and title to the land, then it may well be that his evidence would have been competent. As an example, suppose that one of plaintiff's witnesses had testified that at a certain time and place since the death of Williams, Austin had admitted, in the presence of McCarty, that he, at the time he took the deed of trust had full notice of the title of Williams, would McCarty be rendered by the statute incompetent to testify in explanation, or in contradiction of such evidence on the part of the plaintiff? It would certainly not come within the object or reason of the statute to exclude such testimony. It has been held by this court in several cases, that it was not intended by the statute to exclude one party where the other was dead, where the evidence related to transactions had with others and to which the deceased party was no party and with which he had no knowledge of or connection, or consisted of facts and transactions which had taken place since the death of the deceased party. (Stanton vs. Ryan, 41 Mo., 510; Looker vs. Davis, 47 Mo., 140; Poe vs. Domic, 54 Mo., 119.)

The same thing that has been said in reference to the defendant McCarty, may be said with reference to the defendant Austin. There may be material matters arising in the case to which he would be competent to testify.

The bill of exceptions failing to show the facts proposed to be proved by these parties or witnesses or the ground on which the witnesses were rejected and prohibited from testifying in the case. We, therefore, feel great reluctance in interfering with the case; but as the defendant may have been injured by the peremptory refusal by the court to permit the parties offered as witnesses to testify at all, we are inclined to send the case back for a re-trial.

The judgment will be reversed and the cause remanded; The other judges concur.