MARTIN v. JONES, *et al., Appellants.*

1. **Injunction, Immaterial Irregularity In.** It is no objection to the validity of a decree for a perpetual injunction made upon a final hearing in the circuit court, that a temporary injunction has at the beginning of the case been issued by the clerk of the circuit court in pursuance of an order of the probate court, it appearing that the latter court had jurisdiction to grant temporary injunctions.

2. **Practice.** This court cannot review the action of the trial court in striking out part of defendant's answer, unless the record shows that objection was made and exceptions saved at the proper time, and there is something in the record to identify the part stricken out.

3. **Heirs of party to deed as Witnesses, other party being dead** The children of the grantee in a deed, who by reason of their heirship become plaintiffs in a suit against the legal representatives of the grantor, are not disqualified by the fact that the grantor is dead, from testifying in relation to the execution of the deed. They are not original parties to the cause of action, and hence are not within the restrictions of section 4010, Revised Statutes, in relation to witnesses.

4. **Possession of Land, as Notice of Occupant's Claim of Title.** One who has knowledge of the fact that land is in the actual possession of another, is thereby put upon inquiry as to the rights of the occupant, and if he purchases, will be held to take with notice of those rights.

5. **Equity Jurisdiction:** INJUNCTION: DEED OF TRUST. Equity will interfere by injunction in favor of one claiming title to land through an unrecorded deed, to prevent a sale under a deed of trust held by one who took it with notice of the plaintiff's claim.

*Appeal from Carroll Circuit Court*—HON. E. J. BROADDUS, Judge.

AFFIRMED.

72 23
99 526

72 23
40a 623

72 23
112 510

72 23
123 185

72 23
64a 448

72 23
161 33

*Hale & Eads* for appellants.

*L..H. Waters* for respondent.

NAPTON, J.—The pleadings in this case and the principal facts in controversy are stated in the opinion of this court in 59 Mo. 181. The only point upon which the judgment for plaintiff was then reversed does not arise in the present case.

The points now relied on are, first, that the original injunction issued under the orders of the probate court of

1. INJUNCTION, IM-MATERIAL IRREGU-LARITY IN.

Carroll county, a court conceded to have the power to issue injunctions, was void for the reason that the clerk of the circuit court was ordered to issue the writ. This objection is obviously of no force, since the proceedings from which the appeal is taken, occurred in the circuit court and the initiatory steps are unimportant.

The second objection urged is, that a part of defendant's answer was stricken out, as immaterial. The bill of

2. PRACTICE.

exceptions in the case does not show any objections to this action of the court, or any exceptions taken to it, nor does the record proper show what part of the answer was stricken out, as it is only described as that part included in brackets, and the record before us contains no brackets in the copy of the answer. *Pearce v. McIntyre*, 29 Mo. 423.

The next point suggested by the appellants is, that Mrs. Glover and her brothers, children of Williams, the

2. HEIRS OF PARTY TO DEED AS WIT-NESS, OTHER PARTY BEING DEAD.

grantor in the alleged deed from McCarty, and, since the death of their father, plaintiffs in the action, were incompetent witnesses to prove the execution of the deed, and, therefore, the objection to their admission on the trial should have been sustained. The objection is based upon that provision of our statute which renders incompetent one of the original parties to the contract or cause of action, where the other

party to such contract or cause of action is dead. In this case the witnesses objected to were not parties to the contract or deed, and were unquestionably competent to prove the execution of the deed, which was the ground-work of the action, at the first trial, when McCarty was living. Has the death of McCarty since rendered them incompetent? We think not, because they were not parties to the contract, and do not, therefore, come within the letter or reason of the statute. McCarty and Williams were the original parties to the contract; both are since dead. The children of Williams are not disqualified from testifying because of the death of their father, or McCarty, or both. The statute was designed to exclude the testimony of one party to a contract when the mouth of the other was closed by death. Here both the original parties to the contract are dead, and the witnesses offered are not disqualified because by the death of their father they have become parties to the action. They occupy the same position as any other plaintiff would, and the statute concerning parties to the contract or cause of action has really no application to the case.

The testimony of Mrs. Glover and young Williams was really unimportant, except in corroboration of what was clearly proved by the notary, Whiteman. He proved that Williams brought the deed offered in evidence from McCarty to Williams, to him to have it acknowledged and signed by McCarty's wife, and the notary showed the deed to McCarty, who admitted that he had signed it, but declined doing anything further because his wife objected to it.

Another point made in this case is, that there was no proof of notice on the part of Austin, the beneficiary in the **4. POSSESSION OF LAND, AS NOTICE OF OCCUPANT'S TITLE.** deed of trust of the previous conveyance to Williams by McCarty. This was alleged in the petition and denied in the answer. I doubt whether such allegation was necessary, since Austin was not a purchaser for value, in the sense in which such

phrase is used in regard to questions of notice, but merely the *cestui que trust* in a conveyance made to secure a previous indebtedness on the part of the debtor.

But conceding such notice to be necessary, the proof was clear that he knew of the possession and improvement of from twelve to fifteen acres of this twenty acre tract by Williams nearly a year before he took his deed of trust on it. Although, doubtless, seeing one in possession of a tract of land and fencing it up and cultivating it does not necessarily imply that he is the owner or claims to be the owner, it certainly does put a man upon inquiry when he proposes to acquire a title to such land.

It is urged finally in this case, that supposing Williams' title to be established, it was a legal one, and if Aus-

5. EQUITY JURISDIC-TION: injunction: deed of trust.

tin had notice, which the circuit court found upon the evidence that he had, then a sale under the deed of trust would convey no title to the purchaser, and, therefore, there was no necessity for any interference of a court of equity by injunction. But it is obvious that the condition of the purchaser at the trustee's sale would be very different from that of the present defendant, and might create embarrassing questions. The deed to Williams was not acknowledged or recorded, and a *bona fide* purchaser at the sale without notice would have very different claims from that of the present defendant. Besides, the contingencies of death of the witnesses might render proof of the conveyance established in this case impracticable. It is one of the peculiar branches of equitable jurisdiction to anticipate such difficulties, to prevent future litigation and thus remove a cloud upon the title. *Vogler v. Montgomery*, 54 Mo. 577; *Harrington v. Utterback*, 57 Mo. 519. The judgment is affirmed. All the judges concur.