MISSOURI GLASS COMPANY, *Appellant,* v. COPELAND SEWING MACHINE COMPANY.

1. **Practice.** A motion in the nature of a demurrer to a plea in abatement should be directed against the objectionable part of the plea.

2. **Attachment:** PRACTICE IN SUPREME COURT. The Supreme Court will not reverse a judgment in an attachment suit on the ground that plaintiff's motion to strike out the plea in abatement should have prevailed, it appearing that the plaintiff had a fair trial on the plea and failed to sustain the issues joined by any evidence on his part.

*Appeal from Greene Circuit Court.*—HON. W F. GEIGER, Judge.

AFFIRMED.

*F. S. Heffernan* for appellant.

(1) The plaintiff's motion to strike out the defendant's plea in abatement should have been sustained. *Cannon v. McManus*, 17 Mo. 345. (2) The court erred in instructing the jury to find the issue for defendant. *Crookshank v. Kellogg* (Blackf.) 8 Ind. 257. (3) The defendant cannot plead to the merits of the action in denying being a member of the firm, and at the same time plead controverting the affidavit for attachment. Drake on Attachment (4 Ed.) sec. 406 ; *Meggs v. Shaffer*, Hardin, 65 ; *Lindsley v. Malone*, 23 Pa. St. 24 ; *Hartory v. Shuman*, 13 Mo. 547 ; *Cannon v. McManus*, 17 *Ibid.* 345 ; *Collins v. Nichols*, 7 Indiana, 447. (4) Defendant's denial of the allegation in the plaintiff's petition that he was a member of the Copeland Sewing Machine Company is a plea to the merits, and waived the plea in abatement. *Fordya v. Hathorn*, 57 Mo. 120 ; *Mississippi Planing Mill v. Presbyterian Church*, 54 Mo 520 ; *Ely v. Porter*, 58 Mo. 158.

*W. D. Hubbard* and *H. E. Howell* for respondent.

(1) Plaintiff's motion to strike out defendant's plea in abatement was properly overruled, because the statement in the beginning of his plea, that he was not a member of the Copeland Sewing Machine Company, is plainly a mere introduction to and part of his denial of the causes of attachment. (2) The motion of plaintiff to strike out was in effect a demurrer. *Austin v. Loring*, 63 Mo. 19. By going to trial and not standing on his motion, plaintiff waived its right to have the

action of the court overruling its motion revised by this court. *Ely v. Porter et al.*, 58 Mo. 158 ; *Fuggle, Adm'r, v. Hobbs*, 42 Mo. 538, 541. (3) There was no evidence whatever to sustain this attachment as against this respondent and the trial court properly instructed the jury to find the issues for him. *Boland v. Missouri Railroad Company*, 36 Mo. 484.

SHERWOOD, J.—It is not necessary to consider the action of the trial court in denying plaintiff's motion to strike out the separate plea in abatement, filed by defendant, J. W. Copeland, since, whether that motion was properly denied or not, cannot affect the result reached by the jury in trying the separate plea in abatement. But granting that it be necessary to rule the point, still the action of the trial court may well be upheld and this upon the ground that the motion, being in the nature of a demurrer to the plea, asks too much and should have been directed against that which was objectionable in the plea and no more. In one view, a view sustained by the analogies of the law in somewhat similar cases, the plaintiffs by going to trial on the plea in abatement, after their motion to strike out had been denied, may be deemed, perhaps, to have waived any defects in the plea ; but even if this be not true, still the fact remains that on the trial of the plea, no evidence was introduced to show that J. W. Copeland, sued in attachment and made a defendant, had done any of the acts alleged by plaintiff as grounds for that attachment.

In such circumstances as these, to reverse the judgment on the sole ground that the motion to strike out the plea in abatement should have prevailed, notwithstanding that plaintiffs had a fair trial on the plea and failed to sustain the issue joined by any evidence on their part, would be going further than we think the law requires us to go. Therefore, judgment affirmed. All concur.