CHARLES C. BASSETT, Respondent, v. JOHN M. GLOVER, Administrator, *et al.*, Appellants.

**St. Louis Court of Appeals, May 22, 1888.**

1. EVIDENCE—MISDESCRIPTION AND IDENTIFICATION.—When a written contract refers by a false description to another instrument bearing a collateral or descriptive relation to some of its terms, parol testimony may be introduced to identify the instrument intended, and to establish the fact of a misdescription in the contract.

2. PER ROMBAUER, P. J., CONCURRING IN THE RESULT:—When, upon a view of the whole record, it is clearly manifest that the judgment is for the right party, it will not be reversed, although errors may have intervened.

APPEAL from the St. Louis Circuit Court, HON. GEORGE W. LUBKE, Judge.

*Affirmed.*

KLEIN & FISSE, for the appellants: The case was tried upon the theory, expressly announced by plaintiff's counsel, that no relief was asked or to be granted except relief at law. In such a case, the court has no authority to render a judgment upon any other contract than the one set out in the petition as the foundation of the action. Leake on Contracts [Ed. 1878] 314, 318; 2 Parsons on Contracts [7 Ed.] *495, 497; *Rayburn v. Dever*, 8 Mo. 104; *Leitsendorfer v. Delphy*, 15 Mo. 160; *McClurg v. Phillips*, 49 Mo. 315, 317; Leake on Contracts [Ed. 1878] 318, 321; Parsons on Contracts [7 Ed.] *496. The case does not fall within the rule that where there is an error or mistake on the face of the instrument so obvious as to leave no doubt of the intention of the parties, the mistake will be disregarded without sending the party into equity to have the instrument reformed. That rule is applied only in cases "where the mistake in the expression of a written contract is obvious on the face of the instrument, so as to leave no

doubt of the intention of the parties without the aid of extrinsic evidence to explain it." Leake on Contracts [Ed. 1878] 327 ; 2 Parsons on Contracts [7 Ed.] *496, and note ; *Gaines v. Allen*, 58 Mo. 537, 543 ; Wald's Pollock on Contracts, s. p. 452 ; *Michel v. Tinsley*, 69 Mo. 442, 448. The character of the case at bar is disclosed by the petition, from which it plainly appears that extrinsic evidence was necessary to discover that a mistake existed in the contract sued on. In such a case, we submit that the contract must stand as it is written until reformed in equity. 2 Parsons on Contracts [7 Ed.] *496, 497. While it is true that the distinction between legal and equitable forms of action has been abolished by the code, yet the distinction and salient characteristics of the two systems, law and equity, still remain as well pronounced as before ; and in all cases where equitable relief is necessary, a court trying a case at law cannot afford such relief. *Holden v. Vaughan*, 64 Mo. 588 ; Pomeroy's Rem. and Rem. Rights [2 Ed.] sec. 69 ; Bliss on Code Plead. [2 Ed.] sec. 116 and note, and sec. 170 and note. When the plaintiff announced that the case was to be tried strictly as an action at law, and not in equity, the evidence offered by the plaintiff should have been excluded, under the fundamental principle that parol testimony is inadmissible to contradict, add to, subtract from, or vary the terms of a written instrument. *Bunce v. Beck*, 43 Mo. 266, 279 ; *Murdock v. Ganahl*, 47 Mo. 135, 136 ; *Burress v. Blair*, 61 Mo. 133, 140 ; *Koehring v. Muemminghoff*, 61 Mo. 403, 407 ; *County v. Wood*, 84 Mo. 489, 515 ; *Fruin v. Railroad*, 89 Mo. 397, 404

R. O. BOGGESS, for the respondent : The language employed in the agreement was meant and intended to express the considerations and obligations of the contract, and also to describe the subject-matter of the contract. It is necessary in all such cases where a dispute arises as to the subject of such contract, where the descriptive language is not adequate and sufficient, or is in any sense indefinite and uncertain, to ascertain

by and from their concomitant facts and circumstances, what was the subject-matter of the contract. In order to do so the court will, as a rule (and there is scarcely an exception to the rule), if possible, place itself at the same standpoint of the parties to the contract at the time and place when and where it was made, and will then construe the contract with reference to the objects and purposes of the parties thereto; and if, in looking at the contract which the parties did in point of fact make and sign, the court shall find that they have omitted some necessary words of description, and added some false words of description, it will uniformly supply the omitted words, and reject the surplus words, so as to get at and accomplish the actual ends and purposes of the contracting parties. *Edwards v. Smith*, 63 Mo. 119; *Fontaine v. Savings Inst.*, 57 Mo. 552; *Holocher v. Holocher*, 62 Mo. 267; *Miller v. McCoy*, 50 Mo. 214; *McConnell v. Brayner*, 63 Mo. 461; *King v. Fink*, 52 Mo. 209; *Amonett v. Montague*, 63 Mo. 201; *Filibert v. Berch*, 4 Mo. App. 470; *Langlois v. Crawford*, 59 Mo. 456; *Schreiber v. Osten*, 50 Mo. 513; *Aull v. Lee*, 61 Mo. 160; *Elliott v. Secor*, 60 Mo. 163; *McPike v. Allman*, 53 Mo. 551.

Thompson, J., delivered the opinion of the court.

This action is brought on a contract against the personal representatives of Samuel T. Glover and John R. Shepley, who were partners in the practice of the law under the firm name of Glover & Shepley. The case was tried in the circuit court without a jury, resulting in a judgment for the plaintiff, from which the defendants prosecute this appeal.

The evidence adduced at the trial does not, so far as we can see, present any controversy, or even discrepancy, as to a single fact. Upon the facts, the judgment which was rendered declares merely the conclusion of the law. This judgment must stand, unless we are obliged to reverse it because of a supposed technical error of procedure, which, so far as we can see, has not

in any degree affected the conclusion of the court upon the merits, or prejudiced the defendants.

The case, as made by the pleadings and the evidence, stated in a small compass, was this : The plaintiff had a contract with Mt. Pleasant township, in Bates county in this state, to defend certain actions which had been brought against Bates county, in the circuit court of the United States, upon certain railway aid bonds which had been issued by Mt. Pleasant township. Under the contract, he was to get, in case of successfully defending the action, a contingent fee of ten per centum upon the bonds, and in case of not successfully defending them he was to get nothing. This contingent fee, in the event of his success, would amount to some seven thousand dollars. He afterwards procured the township to pay this contingent fee to him upon his giving a bond, with security, to refund it to the township in the event of being finally unsuccessful in the defence of the suits. To assist him in defending the suits, he made a contract with Glover & Shepley, by which they were to aid him with their legal services in such defence, for a fee of two thousand dollars, contingent, in like manner as his fee, upon the event of finally succeeding in defending the suits. This fee of two thousand dollars he was to advance to them, and, in the event of the defence of the suits being unsuccessful, they were to refund it to him. He advanced it to them, in the form of his promissory note, secured by a deed of trust, which note he afterwards paid. He was not successful in the defence of the suits, and, therefore, in the year 1886, he repaid to the township, in its debentures, the seven thousand dollars, which it had advanced to him. He now brings this action to enforce the undertaking in the contract had between himself and Glover & Shepley, by which they agreed to refund to him the two thousand dollars, advanced to them in case the defence of the suits was not successful. This undertaking was expressed in a separate writing signed by Glover & Shepley, in the following words :

" Whereas C. C. Bassett, of Bates county, Missouri,

has this day given us his note, for the sum of two thousand dollars, with approved security, payable March 1, 1879, which was in payment of our fee in the cases prosecuted, or hereafter to be prosecuted, against Bates county, Missouri, upon the Mt. Pleasant township railroad bonds; and whereas said fee in said case was contingent and dependent upon the success of said county in said suits, and said fee has been paid to said Bassett, upon his executing a bond to said county, conditioned that if said actions should be decided adversely to said county, then the said fee should be refunded. Now, therefore, we hereby agree to assist said Bassett in the defence of any actions which may be brought on said Mt. Pleasant township bonds, and in case said Bassett shall be compelled to refund to said Bates county, any part of said fee, we agree to pay him back so much of said fee so refunded as the amount of the note received bears proportion to seven thousand dollars.

" ( Signed )            GLOVER & SHEPLEY.

" St. Louis, June 6, 1878."

This statement of facts is established by an undoubted and uncontroverted chain of evidence, and it shows that the plaintiff is entitled to recover.

The question raised by the defendants on this appeal arises in this way : In the above contract between the plaintiff and Glover & Shepley, which is the subject-matter of the suit, there is a misrecital of the bond given by the plaintiff to Mt. Pleasant township, in that it is recited as a bond given by him to Bates county. It is easy to understand how the misrecital arose. Actions upon township bonds were, under the law existing at that time, prosecuted against the county of which the township formed a part, and these actions were so prosecuted. In his petition, the plaintiff sets out this mistake and alleges that the contract between him and Glover & Shepley, wherein it referred to Bates county, was intended to refer to Mt. Pleasant township, that is, to the bond which he had given to Mt. Pleasant township to refund, in the event of not being successful in

the defence of the suits, the fee which the township had advanced to him. The answers of the defendants, so far as they touch the merits of the controversy, were general denials.

When the cause was called for trial, the defendants objected to the introduction of any evidence on behalf of the plaintiff, for the reasons that in the petition two causes of action, one legal and the other equitable, were improperly united in one count; and because the plaintiff was not entitled to equitable relief upon the facts stated in the petition, nor was the plaintiff entitled to relief at law until the contract set out in the petition was corrected. According to the recitals of the bill of exceptions "the plaintiff then stated that this action was to be treated only as an action at law and was to be so tried; whereupon the court overruled the defendants' objections, and permitted testimony to be introduced by the plaintiff, to which ruling of the court the defendants then and there excepted at the time." Thereupon the plaintiff went forward with his evidence, in the course of which he proved by the testimony of witnesses that his contract with Mt. Pleasant township was the only existing contract to which the contract sued on could have referred. He proved that there was no other such contract made or such bond taken than those had with him and his then associate, Henry, and Mt. Pleasant township, and that no such contract or transaction as that described in the contract sued on had ever been had or made with Bates county. This evidence was admitted over the objections of the defendants, and the admission of it presents the only question which arises on this appeal.

There is, perhaps, no rule of law which is more flexible or subject to a greater number of exceptions than the rule which, in actions at law, excludes parol evidence offered to vary or explain written contracts. In one case, where we had great difficulty in dealing with this question, it was said: "It may be a fair general

conclusion that the courts have endeavored to adapt
their rulings, either way, to the obvious demands of
abstract justice in each particular case." *Liebke v.
Methudy*, 14 Mo. App. 70. The strict rule unquestion-
ably is, that the obligee in a written contract which
contains a mistake materially affecting the rights of the
parties, must, in order to recover upon it, bring his
action in equity, seeking to reform the contract on the
ground of mutual mistake, and then to recover upon it
as thus reformed. But this rule is by no means uni-
versal. It was held by this court that parol evidence is
competent to show that a written assignment of a judg-
ment on the margin thereof was for convenience of
collection, and not a transfer of the beneficial interest
therein ; and that relief will be granted according to the
allegations of the petition and the proof thereunder,
irrespective of the form of the action,—that is, irrespec-
tive of the question whether it is in fact an action at law
or a suit in equity. *Wittenauer v. Watson*, 11 Mo.
App. 588. In an action at law to recover the balance
due on a promissory note alleged to have been assigned
by the plaintiff to the defendant as collateral security
for an advance of money, it was held that the trial court
did not err in admitting parol evidence, submitted by
the plaintiff, tending to show that the assignment,
though unconditional upon its face, was intended as
collateral security merely. *Wood v. Matthews*, 73 Mo.
477, 481. In the recent case of *Quick v. Turner*, 26 Mo.
App. 29, 36, we followed the same rule in an action at
law upon a promissory note, holding it competent to
show that a written assignment of a note, absolute on
its face, was intended as a mere pledge of security.
These cases, whether well or ill decided, go farther than
the circuit court went in this case, and show to what
extent, under our system of procedure, in which legal
and equitable remedies are blended, our courts have
gone in disregarding the form of the action, where it
could be done without affecting the substantial merits of
the case.

There would be no difficulty in this case if the plaintiff, after the objection of the defendant to the form of his petition, as above pointed out, had not proposed to try the case as an action at law. But in what respect would it have been tried differently if he had proposed to try it as a suit in equity? It would have been tried by the judge without a jury, as here. The judge would have, under the pleadings, admitted the evidence showing the true meaning of the contract, which he admitted here. His decree would have been, equally with his judgment in this case, the mere conclusion of the law upon a state of undisputed facts, though somewhat different in form. If, then, this objection is to prevail, for what purpose should we reverse this judgment? In order that it may be remanded to the circuit court, and that the counsel for the plaintiff, better advised in the premises, may announce that he proposes to try it as a suit in equity, after which announcement the precise process will be gone through with, except the giving of instructions, as has been gone through with upon this trial?

We are forbidden by the statute ( Rev. Stat., sec. 3775 ) to reverse the judgment of any court unless we shall believe that error was committed by such court against the appellant or plaintiff in error, and materially affecting the merits of the action.

Outside of these considerations, it may be doubted whether the misdescription in this contract was of a matter so substantial as to require it to be reformed in a suit in equity before recovering upon it. It was merely a misdescription of another and inducing or collateral contract had between one of the parties to this contract and another party. This is merely a case where there has been a misdescription in a contract of the *identity* of another existing thing. If A sells to B a thousand bushels of corn, by a contract in writing, A cannot, of course, prove, in an action on the contract, that instead of corn the parties meant oats, and that he tendered a thousand bushels of oats in a fulfilment of the contract.

So, if A conveys to B, Blackacre, he cannot bring an ejectment against B and recover by proving that instead of Blackacre, the parties meant Whiteacre, and that B had taken possession of the wrong tract.  But suppose that A owns but one tract of land in the world and that is called Blackacre, and he conveys it to B by the name of Whiteacre, must B, in order to recover possession of it, first go into equity to reform the misdescription in the deed ?  Modern precedents show that American courts are constantly in the habit, where the deed or other written contract identifies land or some other existent thing, and the question in issue is as to what was embraced in the identifying words—of admitting parol evidence to show what the parties intended, although in many cases to do so will vary the strict language of the instrument.  Thus, it is a familiar rule of law that the identification or location of the land described in a deed of conveyance is always a question of fact for the jury, to be decided upon the calls of the deed, aided and explained, when necessary, by parol evidence.  *St. Louis v. Meyer*, 13 Mo. App. 367, 382 ; s. c., affirmed, 87 Mo. 276 ; *Barry v. Otto*, 56 Mo. 177 ; *Abbott v. Abbott*, 51 Me. 575, 581 ; *Waterman v. Johnson*, 13 Pick. 261.   This rule has been extended so far as to let in parol evidence to explain a public patent so far as to show that a particular monument, not called for in the instrument by name, was intended to be adopted by it.  *Cherry v. Slade*, 3 Murph. [N. C.] 82 ; see also, *Safret v. Hartman*, 5 Jones' L. [N. C.] 185.  In an action for damages for the breach of a contract to convey land, where it is objected that the instrument sued on does not describe the land, the question of the sufficiency of the description is for the jury, unless it is manifest from the instrument that it cannot be located.  *White v. Hermann*, 51 Ill. 243.  "It cannot be denied," say the court of appeals of Maryland, "that the jury are the proper tribunal to decide whether any and what variation ought to be allowed in the location of lands. But whether any and what degree of allowance for

variation ought to be made, are questions of fact, to be determined by the jury on the testimony on that subject, adduced to them in the trial of the cause." *Wilson v. Inloes*, 6 Gill [Md.] 121, 163 ; *Peterkin v. Inloes*, 4 Md. 175. In such cases as has been well said : "It sometimes happens that the monument found upon the ground corresponds with the description of the monument in the deed in some particulars, and differs from it in others. In such cases the whole description in the deed is not to be rejected, and parol evidence is admissible to show whether the monument, partially but erroneously described, was the one intended." *Abbott v. Abbott*, 51 Me. 575, 581, per DAVIS, J.; see also, *Parker v. Smtth*, 17 Mass. 413 ; *Clark v. Munyan*, 22 Pick. [Mass.] 410 ; *Slater v. Rawson*, 1 Metc. [Mass.] 450.

Not only in the location of the land described in deeds of conveyance, but in all other cases, identity is peculiarly a question of fact for a jury. *Begg v. Begg*, 56 Wis. 534, 537 ; *McDuffie v. Clark*, 39 Hun [N. Y.] 166 ; *State v. Babb*, 76 Mo. 504 ; *Miller v. McCullough*, 104 Pa. St. 629 ; *Miller v. Marks*, 20 Mo. App. 369 ; *Scott v. Sheakly*, 3 Watts [Pa.] 50 ; *Prentiss v. Blake*, 34 Vt. 460 ; *Tutt v. Price*, 7 Mo. App. 194 ; *Tilford v. Ramsey*, 37 Mo. 563, 567.

As shown by some of the foregoing decisions, cases where there is in the deed or other written instrument a *partial misdescription* of the thing intended to be identified, are appropriate cases for the application of this rule, which submits the question of identity to the decision of the jury in an action at law. The case before us seems to be a case within this principle. The contract sued on recites that the plaintiff has given to Glover & Shepley a promissory note with approved security for the sum of two thousand dollars, in payment of their fee in the cases prosecuted or thereafter to be prosecuted against Bates county, Missouri, upon the Mt. Pleasant township railroad bonds. It also recites that the fee was contingent upon the success of the county in said suits. So far its recitals are correct. The suits

were against the county as shown by this record. It also recites that said fee, meaning the fee of the plaintiff, was contingent and dependent upon the success of said county in said suits, and that said fee has been paid to said Bassett upon his executing a bond. So far its recitals are in like manner correct. Then comes the departure from the fact, by the misrecital that the bond was given to the county, whereas in fact the testimony shows that no such bond was given to the county, but that the bond which was given (put in evidence in this record) was to the township. It then recites the condition upon which Glover & Shepley agreed to refund a portion of the fee, as follows: " Now, therefore, we hereby agree to assist said Bassett in the defence of any actions which may be brought on said Mount Pleasant township bonds, and in case said Bassett shall be compelled to refund to said Bates county any part of said fee, we agree to pay him back so much of said fee so refunded as the amount of the note received bears proportion to seven thousand dollars." Here there was a misrecital in so far as the contract spoke of Bassett being compelled to refund to Bates county. His bond was not given to Bates county but to Mt. Pleasant township, and in fact he refunded to Mt. Pleasant township. It seems to have been nothing more than a partial misdescription of an existing thing. If a deed should describe a monument upon a certain hill as a granite boulder, and it should turn out to be a boulder of porphyry, it would be absurd to say that it would be necessary to go into equity to reform the deed, or that a jury could not say upon extrinsic evidence whether or not the boulder of porphyry was the monument intended by the deed.

ROMBAUER, P. J., concurring in the result, the judgment is affirmed.

ROMBAUER, P. J., delivered a concurring opinion.

I concur in the result of the opinion, but do not concur in the views therein expressed touching the

admissibility of oral evidence in an action at law upon the contract, varying its terms and conditions. For that reason I prefer to place my concurrence solely upon the ground hereinafter stated.

The Supreme Court has repeatedly decided that, where it is manifest that if the judgment were reversed the result upon a new trial would be the same as upon the first trial, the judgment will not be reversed, even though the case has been tried upon an improper theory. *Conley v. Doyle*, 50 Mo. 234, 235. Or even though the court proceeded erroneously and irregularly. *Mississippi Bridge Co. v. Ring*, 58 Mo. 491, 495. The reports are full of cases where judgments were affirmed on appeal as being manifestly for the right party, notwithstanding intervening errors. *Hedecker v. Ganzhorn*, 50 Mo. 154; *Jackson v. Magruder*, 51 Mo. 55; *Mo. Glass Co. v. Sewing Machine Co.*, 88 Mo. 57; *Ghio v. Beard*, 11 Mo. App. 21; *Brown v. Railroad*, 20 Mo. App. 427; *Fell v. Coal Co.*, 23 Mo. App. 216.

I am free to concede that the exercise of this power should be used with great caution by appellate courts, but this is a case which eminently calls for its exercise. There is not even an intimation found in the entire record that the plaintiff was not entitled to a reformation of the contract in equity, provided he had proceeded to obtain such reformation, or that he was not entitled to a judgment at law upon the contract thus reformed, or that the damages are excessive. The testimony contained in the record conclusively points to the fact that the plaintiff was entitled to the identical ultimate relief which he obtained, and that the court would have been justified, under the provisions of section 3567, to cause an amendment of the pleadings, if necessary.

Under these circumstances, I do not feel warranted to reverse the judgment, even conceding that the mode of procedure by which the result was reached was irregular or erroneous.