GARDNER, *Appellant*, v. TERRY *et al.*

1. **Deed of Trust:** LIMITATION : NOTE. While a note secured by a deed of trust may be barred by limitation so that a personal judgment cannot be had on it, it does not follow that the remedy on the deed of trust is barred.

2. ——: ——: ——. There must have been ten years' adverse possession to defeat a foreclosure or other remedy on a deed of trust.

3. ——: ——: INJUNCTION. The fact that all remedy on the deed of trust is barred by limitation is a good ground for relief by injunction.

4. ——: EQUITY : CLOUD ON TITLE. The power of a court of equity to prevent a cloud being cast upon the title to real estate is as well established as is the power to remove one already created.

5. **Statute of Limitations :** AFFIRMATIVE TITLE. While in general the statute of limitations is a defense only, ten years' adverse possession will not only bar an action of ejectment, but confer title on the possessor.

6. **Constitution :** CASE INVOLVING TITLE TO REAL ESTATE : SUPREME COURT. The supreme court has jurisdiction on appeal as being a case "involving title to real estate" of a suit to enjoin a sale of land under a deed of trust, where the issue the plaintiff tenders is the same which he would make in an action of ejectment brought against him by the purchaser at the sale.

*Appeal from Franklin Circuit Court.* — HON. A. J. SEAY, Judge.

REVERSED AND REMANDED.

*J. W. Booth* for appellant.

The sale and conveyance under the deed of trust would have made an apparent better title in the purchaser, which, though no title in fact, could only have been defended against by proof of matter *dehors* the deed. This being so the sale and conveyance would

have cast a cloud on appellant's title, and therefore the court erred in sustaining the demurrer to plaintiff's petition, and should have made the injunction perpetual as prayed for. *Gunby v. Brown*, 86 Mo. 253, and cases cited.

*I. T. Wise* and *J. H. Pugh* for respondents.

(1) Plaintiff having, according to his own bill, a complete legal defense, has no standing in equity, and is entitled to no equitable relief; where the law affords a complete remedy, equity will not interfere. *Railroad v. Maddox*, 92 Mo. 470; *Shelbina Hotel v. Barker*, 58 Mo. 327; *Kelley v. Hart*, 74 Mo. 561; *Bobb v. Graham*, 89 Mo. 200. (2) A court of equity will not decide in advance the issues at law of an ejectment case. *Wilcox v. Walker*, 94 Mo. 88; *Martin v. Jones*, 72 Mo. 23. (3) The statement in the brief of counsel, "that the sale under the deed of trust will cast a cloud on the title," while this is true, still it could make no greater or more dense cloud than that originally made by said deed of trust from the day it was filed for record. All valid deeds of trust and mortgages are very substantial clouds on the title of the lands covered by them. And this is one of them, as the bill admits (unless limitation has done its perfect work). *Martin v. Jones*, 72 Mo. 23; *Kuhn v. McNeil*, 47 Mo. 389; *Drake v. Jones*, 27 Mo. 428.

BLACK, J.—Gardner brought this suit against William M. Terry and the administrator of Wm. H. Lamoreaux, to enjoin the sale of two lots under a deed of trust, in which Terry is the substituted trustee, and the estate of Lamoreaux is the beneficiary. The court sustained a demurrer to the petition, and gave judgment thereon, to reverse which the plaintiff appealed.

The petition discloses the following facts: Wm. H. Lamoreaux, being the owner of the two lots in question, conveyed them to Isaac Brooks, by a deed dated the

twenty-sixth of August, 1869. On the same day Brooks gave Lamoreaux a deed of trust on the lots to secure two notes, both payable to Lamoreaux, one for five hundred dollars, payable in ten days, and the other for six hundred and twenty-five dollars, payable on the first of March, 1870. The six-hundred and twenty-five-dollar note has never been paid, and from this averment it seems the other one had been paid. On February 29, 1872, Brooks conveyed the lots to Sarah V. Lamoreaux, and she, at the same time, executed a deed of trust thereon. The property was sold under this deed of trust, and Brooks again became the purchaser, and he conveyed to Hall, in 1878, who conveyed to the plaintiff in 1882.

The administrator of W. H. Lamoreaux caused the defendant Terry to be substituted as trustee in the deed of trust first mentioned, which was executed by Isaac Brooks, and advertised the property for sale under that deed of trust; this is the sale which plaintiff seeks to enjoin. He states in the petition that he and his grantors have been in the actual, open, notorious and adverse possession of the lots for more than ten years, and that the deed of trust is barred by the statute of limitations; and this is the ground upon which he seeks to enjoin the proposed sale.

Although a note, secured by a deed of trust, may be barred by limitation so that no personal judgment can be had on it, it does not follow that the remedy on the deed of trust is barred. To defeat a foreclosure or other remedy on the deed of trust, there must have been ten years' adverse possession. These principles of law have been often asserted by this court. *Booker v. Armstrong*, 93 Mo. 50, and cases cited. On the facts, as they are stated in the petition in this case, it must be conceded that the deed of trust, and all remedy thereon, is barred, by reason of the ten years' adverse possession; and the question is whether this fact furnishes a good ground for injunctive relief.

In general the statute of limitations is a defense, only, but ten years' adverse possession of real estate will not only bar an action of ejectment, but it will confer title upon the possessor. A title thus acquired is as good as any other title, and ejectment may be maintained, as well as defended, upon such a title. *Nelson v. Brodhack*, 44 Mo. 596; *Fulkerson v. Mitchell*, 82 Mo. 13. It is, therefore, difficult to see why a title thus acquired is not entitled to the same protection as a title acquired in any other way. The objection made to the relief asked is, that plaintiff can avail himself of the defense in an action of ejectment brought by the purchaser at the trustee's sale. That he could do this, there can be no doubt, but it is not a complete answer to the right to the relief asked. The relief is demanded on the ground that the sale will cast a cloud on the plaintiff's title. The jurisdiction and power of a court of equity to prevent a cloud being cast upon the title to real estate is as well established as is the jurisdiction and power to remove one already created. *McPike v. Penn*, 51 Mo. 63; *Martin v. Jones*, 72 Mo. 23; *Vogler v. Montgomery*, 54 Mo. 577.

In *Harrington v. Utterback*, 57 Mo. 519, the plaintiff was the owner of a homestead, which had been sold upon execution, and he brought his suit to remove the cloud thus cast upon his title. The objection was there made that the plaintiff could, by the statutory proceeding, compel the defendant to bring a suit at law to try the title; but the objection was not allowed to prevail, and the petition, it was held, stated a cause of action. In *Vogler v. Montgomery, supra*, the question arose whether a sale under a deed of trust should be enjoined. The plaintiff was the owner of a homestead, which had been sold under execution, and the purchaser, at the execution sale, made a deed of trust on the property thus purchased. It was held that the sale under the deed of trust should be enjoined. The court said, "It is

Gardner v. Terry.

the true policy of the courts to prevent litigation, and a sale by the trustee would undoubtedly cast a cloud over the plaintiff's title, and embarrass a sale, if he desired to sell." See also *State ex rel. v. Tiedeman*, 69 Mo. 306. Where the facts are such that a court would remove the cloud when cast, it seems clear the court should interfere, by injunction, to prevent it being cast. 1 High on Injunctions [2 Ed.] sec. 372.

The relief is granted in such cases upon the ground that the deed or other instrument constituting the cloud may be used to embarrass the plaintiff's title, and that, too, when the plaintiff's evidence is not at hand. As we hold in this state that one judgment in ejectment is not a bar to the prosecution of another like suit between the same parties for the same property, injunctive relief ought not to be withheld on the sole ground that the plaintiff may make his defense in an action of ejectment. The relief at law, to defeat the equitable jurisdiction, should be adequate and complete.

The present invalidity of the deed of trust does not appear from the face of the records. It only appears by a resort to other evidence, and parol evidence at that; so that there can be no objection to the petition on the ground that the proposed sale will be void on the face of the records. It is to the interest of all parties that the present validity of the deed of trust should be settled before a sale thereunder, and our conclusion is that the demurrer should have been overruled.

The point is not made in the briefs, but the question has been properly suggested by members of this court, whether we have jurisdiction of this appeal. If this court has jurisdiction it is because the case is one "involving title to real estate;" it not appearing that the amount in dispute exceeds twenty-five hundred dollars.

We have held again and again that suits for the enforcement of tax bills, mechanic's liens and vendor's

liens are not suits involving the title to real estate. In such cases there is generally no contest about the title and the question is one of the enforcement of a lien against a conceded title. In the case of *State v. Court of Appeals*, 67 Mo. 199, the relator had obtained a judgment enjoining a sale under execution on the ground that the sale would cast a cloud upon his title, from which an appeal was taken to the court of appeals, and it was held that the case was not one involving the title to real estate, and hence an appeal would not lie to this court. The facts of that case are not stated in the opinion, but it closes with these significant observations: "The real matters which the relator seeks to have determined in the suit for injunction are the validity and effect of the proceedings under which the execution sale is threatened to be made. He has, as yet, no contest with any one about the title to his property." In the case in hand the plaintiff says he has a title, though not of record and not required to be made matter of record, which is superior to and cuts off the deed of trust, and he brings that title forward and pleads it, relying upon the statute of limitations which concerns real actions only, and bases his right upon that statute. The real issue which he tenders is the same that he would make in an action of ejectment brought by the purchaser at a trustee's sale, and surely this court would have jurisdiction of an appeal in such a case. We must look to the pleadings in this case to see what the real issues proposed to be made are, and in doing this we cannot escape the conclusion that the case is one involving the title to real estate. The judgment is reversed, and the cause remanded. All concur, except BARCLAY, J., who dissents.