# KATHERINE SHULL, Respondent, v. CLAUDE E. CUMMINGS, Appellant.

### Kansas City Court of Appeals, November 3, 1913.

1. **PARTITION: Deed Inter Partes: Husband and Wife: Title.** Where two heirs own inherited land as tenants in common and they partition it by making deeds to each other of the parts agreed upon, one of them making his deed to the other and her husband, the latter does not get any title. The deed only conveys what was already the wife's and it only operates to set off the boundaries to her.

2. **———: Occupancy: Notice: Substituted Plaintiff.** If one has notice of a tenant's occupancy at the time of his purchase of land, he is chargeable with notice of the tenant's rights. And if he seeks to oust the tenant by ejectment, and dies after action brought and his heir is substituted as plaintiff in his place and she carries on the suit, she stands in his shoes and is chargeable with the same notice.

3. **HUSBAND AND WIFE: Separate Property: Consent: Divorce.** Though in order to be effectual under the statute, a wife's consent to her husband's leasing her land and collecting the rent must be in writing, yet she may, after divorce from him, be bound by her acts of recognition of the lease and the tenant.

4. **TENANT: Notice to Quit.** A tenant at will is entitled to thirty days' notice to quit, and if it is not given he may successfully defend a possessory action for the premises.

5. **———: ———: ———: Pleading: Landlord's Title.** Where a petition by a landlord does not set up a claim of title, but merely a right to possession, an answer containing only a general denial is not a denial of the landlord's title.

Appeal from Buchanan Circuit Court.—*Hon. Wm. K. Amick,* Judge.

REVERSED.

*C. V. Hickman* and *H. K. White* for appellant.

*W. S. Herndon* for respondent.

ELLISON, P. J.—This is an action for the posses-
sion of certain farm lands in Buchanan county and
rents thereof. The judgment in the trial court was for
the plaintiff for the possession and for $256.82 as dam-
ages and $33.50 monthly value of rents.

The title to the property is not questioned; the
controversy relates to defendant's rights as a tenant
under a certain lease. At the inception of the contro-
versy plaintiff was the wife of A. P. Shull, but before
its close she was divorced from him in the year 1909.
The land formerly belonged to plaintiff's father and
at his death was inherited by her and her brother John.
When the father's land was partitioned the part now
in controversy was allotted to plaintiff. Then she, in
January, 1910, sold it to her uncle, Francis R. Allen,
and he, in the following December, brought this action
against defendant, but before it was reached for trial
he died, leaving plaintiff and her brother John as his
sole heirs, and they divided the lands by their re-
spective deeds; John's deed being made to her and her
husband. But notwithstanding such joinder of the
husband as a grantee, the land in controversy by
force of the law (as we shall presently see) again
became plaintiff's. Then she was substituted for her
deceased uncle as party plaintiff and filed an amended
petition, to which defendant filed a general denial by
way of answer; upon which pleadings the case went
to trial by the court without a jury.

It seems that plaintiff's husband, before they were
divorced, thought he had an interest in the land, per-
haps an estate by the entirety, and he made the lease
to defendant for five years by reason of which the
latter claims he has yet a right to possession. But
this idea of the husband's was ill-founded. Though
the deed was made to him and plaintiff, he took no
interest, as the land deeded was already hers as ten-
ant in common with her brother and coheir, and the
deed from him was not a conveyance of title even

to her, much less to her husband. It was merely setting off the boundaries to land she owned by title through inheritance from her uncle. [Whitsett v. Wamack, 159 Mo. 14; Starr v. Bartz, 219 Mo. 47, 58.]

However erroneous the view was as to the husband's right to make the lease, he did it and defendant took and held possession under it from August, 1906, without molestation, nearly four years, and during this time plaintiff knew of the lease and that her husband was collecting the rent up to the time of the divorce. And when she afterwards sold the land to her uncle the lease was known to him and recognized by both; the consideration money was discounted or lessened on account of the lease. In addition to this plaintiff stated in her petition for divorce that her husband had taken control of the property and was collecting the rents thereof and she asked that he be required to account to her.

In our opinion there was a distinct recognition of the lease by both plaintiff and her uncle. The uncle being charged with notice and recognition of the lease when he bought the land from plaintiff (Martin v. Jones, 72 Mo. 23; Drey v. Doyle, 99 Mo. 459; Freeman v. Moffitt, 119 Mo. 280), she, as his heir and substitute for him in carrying on this action after his death, would be bound by the notice to him and by his recognition of the lease, even if she had no other notice. Suppose that Francis had not died after beginning this action, but, instead, had deeded the land to another in the way plaintiff deeded it to him, and that other had had himself substituted as party plaintiff, could it be doubted that such other stood in the shoes of Francis? Plaintiff is in the same position such a purchaser would have been; she is chargeable with the same notice that bound her uncle.

Nothing is gained for plaintiff by the fact that she never gave her husband her consent in writing that he might lease her land and collect the rent. For it is

enough that her uncle, through whom she claims, was chargeble with a recognition of the lease as above shown. But if more than this were required, it is found in her conveyance to her uncle, which was after she became sole. We think plaintiff is in error in her contention that what we are terming a recognition by plaintiff was a ratification and to be effective must have been in writing because original consent had to be in that form. Though a married woman's consent to her husband's use of her property must be in writing as the statute requires, yet there is no reason why she may not deal with the property as any other person, after death or divorce has separated her from him.

In view of the foregoing, it must be admitted that defendant was not a trespasser in his occupancy of the land. He was an occupant under a claim as tenant. He regularly paid his rent. Plaintiff sought in her divorce action to have such rent diverted to her and that her husband be enjoined from collecting more of it. In all the circumstances which we have stated, he became plaintiff's tenant. And whether a tenant from year to year, or at will, is of no consequence, since if the former, he was entitled to sixty days' notice to quit, and if the latter, thirty days, and he has had neither. [Secs. 7882, 7883, R. S. 1909.]

But plaintiff insists that defendant denied her title and therefore is in the position of a tenant denying title, which makes notice to quit unnecessary. The pleadings do not bear this out. The answer is merely a general denial of the allegations of the petition and the latter does not plead title in the plaintiff, but merely a right to the possession. The denial was merely a denial of such right and it is sustained by a failure to give notice to quit.

The bill of exceptions does not contain the evidence taken, but does contain a finding of facts made by the court at the request of the parties, and after

being made was not objected to by either party. On these facts we have concluded the conclusion of law was erroneous. We will say that the trial court concluded from the facts that defendant was a tenant at will, but seems to have overlooked the statute above cited requiring thirty days notice to quit in such character of tenancy.

The judgment is reversed. All concur.